## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

SWITZER ET ALS V. NOFFSINGER ET AL.

NOVEMBER 11th, 1886.

1. EQUITABLE ASSIGNMENTS—*Drawee—Notice—Security.*—No particular form is necessary to constitute an equitable assignment of debt or *chose in action.* Order for value appropriating a fund, is sufficient. No action can be maintained against drawee without his acceptance. Notice to debtor is essential to perfect title. Until such notice, the assignment is liable to all equities between debtor and assignor. Assignment of debt carries the security.

2. CHANCERY PRACTICE—*Statute of limitations.*—Equity applies bar of statute in analogy to the enactment. *Hutcheson* v. *Grubbs,* 80 Va. 251.

3. STATUTE OF LIMITATIONS—*Replication.*—Where the bar is pleaded, plaintiff, to bring himself within its savings, must set forth the facts relied on either by replication or by amending his bill.

4. IDEM—*New promise—Acknowledgment.*—New promise to remove the bar must be determinate and unequivocal, and by one against whom the right *to maintain an action* has accrued. Code 1873, ch. 146, sec. 10. Acknowledgment from which promise may be implied must be unqualified. *Bell* v. *Crawford,* 8 Gratt. 110.

5. *Case at bar.*—Here the bar of the statute applied, and no sufficient promise or acknowledgment to repel that bar was proved.

Appeal from decree of circuit court of Botetourt county, rendered November 2, 1884, in the chancery cause wherein Samuel Noffsinger was complainant, and Samuel Burger, administrator of Thomas Switzer and of Jonathan Switzer and others, were defendants. The circuit court decreed that the said Burger, as such administrator, and Ellen, Rufus, Climer, Vara,

and Virginia Switzer, widow and heirs of Jonathan Switzer, deceased, pay the complainant $542.20, with interest and costs. From this decree the said widow and heirs obtained an appeal to this court.   Opinion states the case.

Argued at Staunton.   Decided at Richmond.

*Glasgow & Glasgow*, for the appellants.

*J. H. H. Figgat*, for the appellee.

Lewis, P., delivered the opinion of the court.

The case is as follows: On the 15th of June, 1850, William A. Gilliam, as principal, and Thomas Switzer, as surety, executed their bond, payable on demand, to Elizabeth Deisher, for the sum of four hundred dollars.  Afterwards the said Elizabeth Deisher died; whereupon the bond, which remained unpaid, became the property of her husband, Peter Deisher, as her sole distributee.   The latter was, on the 22d of April, 1872, indebted to the appellee, Samuel Noffsinger, in a sum exceeding seven hundred dollars, and in consideration thereof he, on the last mentioned day, gave an order in writing on Samuel Burger, administrator of Thomas Switzer, who in the meantime had died, payable to Noffsinger for seven hundred and eighty-two dollars and forty-seven cents, being "amount of balance due on Gilliam and Switzer's bond" aforesaid.   Burger declined to accept the order in writing, but nevertheless made several payments on account thereof, as follows: $150 on the 13th of October, 1873 ; $96.58 on the 20th of July, 1876 ; $50 on the 21st of June, 1876; $244.66 on the 23d of July, 1877; and $50 on the 11th of October, 1880.

Thomas Switzer died intestate, leaving as his sole distributee and heir-at-law his son, Jonathan Switzer.   His real estate

consisted of a tract of land situate in Botetourt county, which passed, at his death, to the said Jonathan. The latter died in 1865, leaving a will by which he devised the land for the benefit of his wife and children, who are the appellants here.

Prior to the institution of the present suit, Gilliam, the principal debtor, died, and his estate was settled in a chancery suit, in the circuit court of Botetourt county, styled Gilliam's administrator against Payne and others. In that suit a small dividend was paid on account of the above mentioned bond, which the bill in the present case alleged was all that could be realized on the debt from Gilliam's estate.

The present suit was commenced in September, 1883, by the said Noffsinger to obtain payment of the balance due on the said bond; and the defendants to the bill were the said Samuel Burger, administrator of Thomas Switzer, deceased, the same Burger as administrator with the will annexed of Jonathan Switzer, deceased, and the widow and other devisees of Jonathan Switzer, deceased, two of whom were infants.

The bill prayed that the administrator be required to render an account of his administration of the estates of Thomas and Jonathan Switzer, respectively, and that a decree be entered directing payment of the debt "by the parties from whom it is due," and for general relief.

The defendants demurred to the bill, and also pleaded the statute of limitations. The demurrer and plea, however, were both overruled, and it was further decreed that the plaintiff "recover of the defendant, Samuel Burger, administrator with the will annexed of Jonathan Switzer, deceased, and administrator of Thomas Switzer, deceased, and of Ellen Switzer, Rufus Switzer, Climer Switzer, Vara Switzer, and Virginia Switzer, widow and heirs of Jonathan Switzer, deceased, to be paid out of the estate of the decedents, the sum of $542.60 with interest" and costs.

From this decree the widow and heirs of Jonathan Switzer, deceased, obtained an appeal.

Of the numerous assignments of error we will consider one only, namely, that relating to the action of the court in overruling the plea of statute of limitations.

There is no doubt that the written order of the 22d of April, 1872, was a valid equitable assignment of the debt due by Thomas Switzer's estate to Peter Deisher, evidenced by the joint bond of Gilliam and Switzer, and, although not formally accepted by the administrator, upon whom it was drawn, was enforceable in equity at the suit of the assignee, Noffsinger. No particular form is necessary to constitute an equitable assignment of a debt or *chose in action.* An order for valuable consideration which absolutely appropriates a fund is a good equitable assignment of the fund, though without the drawee's acceptance, written or verbal, no action at law can be maintained by the assignee against him. But to acquire a perfect title to the fund it is essential that notice of the assignment be given to the debtor; for, until notice, the assignment is subject to all the equities of the debtor against the assignor. And the assignment of a secured debt carries with it the security; and so it has been held that the assignment of a judgment includes an assignment of a bond given to secure its payment. *Spain* v. *Hamilton,* 1 Wall. 604; *Christmas* v. *Russell,* 14 Id. 69; *Brooke* v. *Hatch* 6 Leigh, 534; *Spofford* v. *Kirk,* 97 U. S. 484; *Shen. Valley Railroad Co.* v. *Miller,* 80 Va. 821; 2 Story's Eq., sections 1044, 1047.

It is clear, however, that the debt assigned in the present case, being of a strictly legal nature, is as much subject to the operation of the statute of limitations in a court of equity as in a court of law. For, in such cases, the statute virtually includes courts of equity. At all events, the bar of the statute is applied, if not in obedience, at least in analogy, to the

statutory enactment. *Rowe* v. *Bentley,* 29 Gratt. 756; *Cole* v. *Ballard,* 78 Va. 139; *Hutcheson* v. *Grubbs,* 80 Va. 251; 1 Bart. Ch. Pr., page 81.

The question, then, is whether the demand asserted in the bill is barred by the statute; and we are of opinion that it is.

The bond was executed on the 15th of June, 1850, and is payable on demand. The statute, therefore, began to run on the 2d of July, 1850 (Code 1873, chap. 146, sec. 22), and the present suit was commenced on the 3d of September, 1883, or more than twenty years after the statute began to run, excluding from the computation the period of the war and the time during which the stay-law remained in force—that is, the period betwen the 17th of April, 1861, and the 1st of January, 1869.

The appellee, however, contends that by a subsequent acknowledgment and promise to pay the debt, the limitation prescribed by the statute is repelled. But this position is untenable.

In the first place, the established rule is, that where the statute is pleaded, either at law or in equity, the plaintiff, to bring himself within its savings, must set forth the facts specially upon which he relies, either in a replication to the plea, or by an amendment of the bill. *Miller* v. *McIntyre,* 6 Pet. 61; 1 Bart. Ch. Pr. 85. And this rule has not been complied with in the present case; and the plaintiff contends that it is not applicable to the present case, because, he says, the bar of the statute was set up by an exception to the commissioner's report, and the record does not show affirmatively that the plea was filed.

A sufficient answer to this position is, that a formal plea of the statute, purporting to have been pleaded by the defendants in the court below, is copied into the record, and the decree appealed from recites that the cause "came on to be heard

upon the papers formerly read, the demurrer and plea of the defendants," etc.; and since no other plea appears in the record, we must presume that the plea referred to in the decree was the plea of the statute, and that the same was duly filed. And having been filed, it was doubtless out of abundant caution that, in addition to the plea, an exception was taken to the commissioner's report, setting up the same defence.

Besides, there has been no such acknowledgment of the debt, or promise to pay it, as to take the case out of the operation of the statute. In the leading case of *Bell* v. *Morrison*, 1 Pet. 351, it was decided by the Supreme Court of the United States, that to remove the bar of the statute of limitations by a new promise, it must be determinate and unequivocal; and that to imply a promise of payment from a subsequent acknowledgment, such acknowledgment must be an unqualified admission of a subsisting debt which the party is liable for and willing to pay. And the same doctrine has been repeatedly recognized by this court. *Bell* v. *Crawford*, 8 Gratt. 110, and cases cited.

In the present case, the acknowledgment relied on consists of declarations in certain letters written by Rufus Switzer, who is alleged to have been the agent of his mother, Ellen Switzer, the widow of Jonathan Switzer, deceased. These letters were written from the writer's home, in the State of West Virginia, and were addressed, not to Noffsinger, the assignee of the debt, but to Burger, the administrator. Nor is there any proof that the son was the agent of his mother, except so far as the fact is implied from his own letters. But assuming that he was, and that from certain expressions in several of the letters he intended their contents to be communicated by Burger to Noffsinger, still they do not contain an unqualified acknowledgment of a subsisting debt, and a promise to pay it.

It is unnecessary, however, to comment upon them, for in no proper view of the case can they have the effect for which

the appellee contends.    They were not written by or for a person whose promise of payment could revive the debt in question.    A promise to repel a plea of the statute of limitations must have been made by a person against whom the right *to maintain an action* has accrued.    Such is the language of the statute itself.    Code 1873, ch. 146, sec. 10; 1 Rob. Pr. (new), 579.

· It is obvious, therefore, that the widow of Jonathan Switzer, deceased, is not such a person as the statute describes.    The bond was signed, not by· her, but by Thomas Switzer.    And though the debt evidenced thereby became, at Thomas Switzer's death, a charge against his estate, yet it was never a demand upon which an action at.law could be maintained against his son and heir-at-law, nor against the latter's heirs or devisees.    Indeed, the statute making real estate descended or devised assets for the payment of the decedent's debts, and providing that the heir or devisee shall be liable in equity to creditors to the extent of the value of the lands descended or devised, expressly enacts, that " he shall not be liable to *an action at law* for any matter for which there may be redress by such suit in equity."    Code 1873, ch. 127, sec. 6; 2 Bart. Ch. Pr. 731.

Hence, ·no promise of payment, however explicit, by the widow of Jonathan Switzer could affect the bar of the statute in the present case.    And if it could, such promise surely could not revive the debt as against the administrator, nor as against the heirs and devisees of Jonathan Switzer other than herself, two of whom are infants.

It is not pretended that there was any promise by the administrator, before the debt was barred, whereby the operation of the statute was prevented, as, according to *Braxton* v. *Harrison*, 11 Gratt. 30, 56, and other cases, it was competent for him to do.    Nor is it denied that a demand once barred cannot be revived by any acknowledgment thereof, as a charge

against his decedent's estate, by a personal representative. Code 1873, ch. 146, sec. 11; *Seig* v. *Acord,* 21 Gratt. 365; *Smith* v. *Pattie,* 81 Va. 654.

The decree must therefore be reversed, and a decree entered here in conformity with this opinion.

DECREE REVERSED.