**Richmond.**

TATUM & OTHERS v. BALLARD & OTHERS.

March 18, 1897.

1. VENUE—*Action by mortgagee against mortgagor, or his grantee.*—A mortgagee may sue the mortgagor, or his grantee who has assumed the payment of the mortgage debt, to recover the balance of the mortgage debt after crediting the net proceeds of the mortgaged property, in the jurisdiction in which such mortgagor or grantee resides, although it be other than that wherein the mortgage was foreclosed.

2. PARTIES—*Unconditional assignment of entire interest by assignor.*—Where the assignment of the whole of a chose in action is absolute and unconditional, the assignor is not a necessary party to a suit by the assignee to enforce collection of the chose.

3. EQUITABLE ASSIGNMENT—*Words showing intention to assign—Delivery.*—Words which show an intention of transferring or appropriating a chose in action to or for the use of another, if based upon a valuable consideration, will, in contemplation of a court of equity, operate as an assignment. If the written assignment of a bond, which is not in the custody nor under the control of the assignor, is delivered to the assignee, this is a sufficient delivery to pass the equitable title to the bond, and the bond itself need not be delivered.

4. PLEADING—*Estoppel—Merger.*—Defendants in a suit in chancery who deny in their answer that they are bound by a personal decree rendered against them on a bond in a foreclosure suit in another State, cannot afterwards claim that the bond was merged in the decree the validity of which they deny. They must be held to the defences set up in their pleadings.

Appeal from a decree of the Law and Equity Court of the city of Richmond, pronounced May 6, 1895, in a suit in chancery wherein the appellee, Ballard, was the complainant, and the appellants and others were the defendants.

*Affirmed.*

The opinion states the case.

*W. O. Skelton*, for the appellants.

*Pollard & Sands*, for the appellee, Ballard.

BUCHANAN, J., delivered the opinion of the court.

J. W. Ballard filed his bill in the Law and Equity Court of the city of Richmond, in which he alleged that the heirs of Julius House sold and conveyed a certain lot in the town of Florence, in the State of Alabama, to J. W. Borst, J. M. Matthews, and W. H. McGhee, who paid in cash a portion of the purchase price, and gave notes for the residue; that among these notes was one for $2,640, payable to Lizzie Reid, trustee for the heirs of House, and secured by a vendor's lien in the conveyance to the grantees; that on the 26th of the same month Matthews sold and conveyed his interest in the lot to McGhee, and on the 3d day of January, 1890, Mc-Ghee sold and conveyed all his interest therein to Borst; that Borst had thus become the owner of the whole lot, subject to the lien for the $2,640 which he had assumed to pay, and that a mortgage was executed by Borst and wife to secure its payment; that on the 7th day of January, 1890, Borst sold and conveyed the lot to A. L. Ellett, Jr., and L. B. Tatum, of the city of Richmond, and the same day they with their wives executed a mortgage on the lot to Borst, in which, among other things, they expressly assumed the payment of the $2,640 note; that on the 29th day of July, 1892, Lizzie Reid, trustee, assigned the note to Narcissa Milliken, who afterwards assigned it to the complainant.

The bill further alleged that the said mortgage given upon the lot had been regularly foreclosed by proceedings had in the District Court of Lauderdale county, Alabama, and a sale of the lot made by its order, from which was realized the sum of $933.30, as of the 14th day of December, 1891, which is to be credited on the note, and that the residue of the note was due and unpaid; that Borst is wholly insolvent, and a non-resident of the State. Copies of the papers referred to

in the bill were filed as exhibits therewith, including the record in the foreclosure suit. Ellett and wife, Tatum and wife, and Borst were made parties to the suit. The bill prayed for all necessary and proper accounts, and that a decree might be rendered in complainant's favor for the residue of the debt with its interest against the grantors of the mortgage executed to Borst.

To this bill the defendants, Ellett and wife and Tatum and wife, filed their demurrer and answers, and, upon the hearing of the cause, their demurrer was overruled, and a decree rendered against them as prayed for in the bill. From that decree this appeal was taken.

The court's action in overruling their demurrer is the first error assigned.

They insist that the court ought to have sustained their demurrer because a court of equity has no jurisdiction to render a personal decree in favor of a mortgagee against a purchaser from the mortgagor, who in his purchase has expressly or impliedly assumed payment of the mortgage debt, unless the mortgaged lands and the purchaser be in the same jurisdiction.

If the mortgagee or his assignee seek to have such a decree entered in the foreclosure suit, there can be no question that such is the rule, for a court of equity cannot render a personal decree against a party not personally served with process, or not submitting voluntarily to the jurisdiction by appearance.

If it were true that a decree can be rendered against such purchaser only in a foreclosure suit, as seems to have been the view of the learned judge who delivered the opinion of the court in the case of *Booth* v. *Insurance Co.*, 43 Mich. 299, cited, and so much relied on by appellants' counsel, the courts of this State would clearly have no jurisdiction in the case, because foreclosure proceedings had already taken place in the State of Alabama, where the land was located. What-

ever may be the rule in Michigan, it is no longer an open question in this State, that the mortgagee or deed of trust creditor, whose debt has been assumed by the purchaser of the trust subject, may proceed in a court of equity by an independent suit to obtain a personal decree against such purchaser for so much of the trust debt as remains unpaid after the trust subject has been sold and the proceeds applied to its payment, or where the trust subject has been destroyed.

In the case of *Willard* v. *Worsham*, 76 Va. 392, a bill was filed by a deed of trust creditor against his debtor and the purchaser of the trust subject who had assumed payment of one-half of the trust debt. The deed of trust was executed in the year 1859. Afterwards the debtor sold and conveyed one-half of the trust subject, and his vendee assumed the payment of one-half of the lien thereon. During the late war the whole of the trust subject was destroyed, and the trust debtor had become insolvent. A bill was filed setting out these facts, making the debtor and purchaser from him parties defendant, and praying for a personal decree against the purchaser.

The contention of the purchaser in that case was that his covenant to pay one-half of the debt secured by the deed of trust was with his grantor exclusively, and for his indemnity only; that the creditor was a stranger both to the consideration and the contract, and that he never accepted or agreed to accept the purchaser in place of or jointly with his grantor for the payment of the debt, and consequently the creditor had no right of action for its recovery. The court held, however, that as between the trust debtor and his grantee, the latter was the principal debtor and the grantor his surety, and that the deed of trust creditor (or mortgagee), being entitled upon equitable principles to the benefit of all collateral securities held by his debtor, had the right to resort, by way of equitable subrogation, to the covenant of the purchaser or grantee with the trust debtor, and rendered a personal decree

against him for one-half of the trust debt which he had assumed to pay.

The jurisdiction of a court of equity was maintained in *Osborne* v. *Cabell*, 77 Va. 462, where, after a sale had been made under the deed of trust, the proceeds of which failed to satisfy the trust debt, a suit was brought by the trust debtor (or mortgagor), who had paid the deficit to recover that sum from his grantee, and the grantees of his grantee who had assumed the deed of trust debt. See also case of *Francisco* v. *Shelton*, 85 Va. 779.

In *Keller* v. *Ashford*, 133 U. S. 610, a bill was filed by Keller, the holder of a promissory note made by one Thompson, which he had secured by a mortgage on land in the District of Columbia, against Ashford, who had purchased the land from Thompson and assumed payment of the incumbrances thereon. Before the suit was instituted the land had been sold under a prior deed of trust, or mortgage, for a sum insufficient to pay that mortgage, leaving nothing to be applied to the payment of the mortgage debt sued on. The Supreme Court held that a court of equity had jurisdiction in such case, and directed a decree to be entered by the court below in favor of the mortgagee against the vendee of the mortgagor upon the ground that if one person agrees with another to be primarily liable for a debt due from that other to a third person, so that as between the parties to the agreement the first is the principal and the second is the surety, the creditor of such surety is entitled in equity to be substituted in his place for the purpose of compelling such principal to pay the debt.

The mortgagee or trust creditor being entitled, as those decisions clearly show, to bring a suit in equity against the vendee of his mortgagor to obtain a personal decree against him for the mortgaged debt, it is difficult to see why the suit may not be brought in a jurisdiction where the parties may be found, although it be different from that in which the

mortgaged land is located, for the object of the suit is not to subject the land, but to obtain a personal decree against the vendee for the debt he assumed to pay.

The other ground of demurrer was that the proper parties were not before the court.

Neither the payee in the note sued on nor his assignee were parties to the suit. The bill alleged that the payee had assigned the note to Narcissa Milliken, and that the latter had assigned the same to the complainant, as would fully appear from the written assignment filed as an exhibit with the bill. The assignment referred to is not of the note in terms, but of a decree based upon the note rendered in the foreclosure suit which ascertains the amount of the note, principal and interest, and directs the mortgaged lot to be sold therefor unless paid within a day named. The assignment was made in consideration of $2,398.89, paid in cash by the complainant to Mrs. Milliken. This seems to have been about the full amount of the debt due by the note or decree as of the date of the assignment, after crediting upon it the amount arising from the sale of the lot which had been made at the time of the assignment. Not only did all of Mrs. Milliken's right, title, and interest in the decree pass by the assignment, but in express terms it "grants unto the said J. W. Ballard and his heirs and assigns full power and authority to recover the same to his or their own use and behoof." These assignments must be construed as absolute and unconditional under the allegations of the bill, and where this is the case an assignor is not a necessary party to a suit brought by his assignee. *Omohundro* v. *Henson*, 26 Gratt. 511; *James River & Kanawha Co.* v. *Littlejohn*, 18 Gratt. 53-'4; 1 Barton's Ch. Pr. 163.

The demurrer to the bill was therefore properly overruled upon both grounds assigned.

The next assignment of error is that the record does not show that the note sued on was delivered to the assignee, Ballard, and that without such delivery there can be no valid assignment. The note, it clearly appears, was filed in the

foreclosure suit in the State of Alabama as a part of the record in that case, but it is proved clearly that the assignor, Mrs. Milliken, intended to assign, and we are of opinion that the evidence shows that she did assign and transfer, all her right, title, and interest in the debt to Ballard, who is shown to have paid her the whole amount of the debt (less a very small discount). The delivery of the note in this case was not, as the counsel of appellants contend, necessary to make a valid assignment thereof. The note was in suit, and the assignment was written upon a separate paper which was delivered. The form of the assignment was not material. Words which show an intention of transferring or appropriating a *chose in action* to or for the use of another if based upon a valuable consideration will in the contemplation of a court of equity operate as an assignment *Brooks* v. *Hatch*, 6 Leigh 534, 541; 2 Story's Eq. sec. 1047; 3d Minor's Inst., secs. 433-'4; *Planters & Merchants Ins. Co.* v. *Tunstall*, 72 Ala. 142.

It is also contended that the note was merged in the decree rendered in the foreclosure suit in the State of Alabama.

The appellants, Ellett and Tatum, in their pleadings deny that they are bound by the foreclosure proceedings in the State of Alabama, and especially do they deny that they are bound by the personal decree rendered against them in that suit.

Ballard, the appellee, in his bill, does not base his right to recover upon that decree, but upon his assignment of the mortgage debt, and seems to admit, as appellants Ellett and Tatum contend, that they are not bound by the decree. This being so, they cannot claim that the note was merged in a decree whose validity they deny. They must be held to the defences set up in their pleadings. *Campbell* v. *Bowles*, 30 Gratt. 652; *Highman* v. *Stewart*, 38 Mich. 513; *Davis* v. *Thomas*, 5 Leigh 1; *Hayes & Wife* v. *Mutual Protection Ass'n*, 76 Va. 225.

We are of opinion that the decree appealed from should be affirmed.

*Affirmed.*