HENRY HOUSE v. CHRIS SCHULZE ET AL.

Decided May 25, 1899.

**1. Mechanic's Liens—Assignment of—Parties.**

Where claims for mechanic's liens have been assigned to one person to enable him to collect them together with his own claim, and in one action, he may sue in his own name and recover a personal judgment thereon, and the persons so assigning to him will be bound by the result.

**2. Jurisdiction of District Court—Amount.**

Where suit is brought in the district court for an amount within its jurisdiction, the judgment is not invalidated by the fact that it is for a sum below the jurisdictional limits, where no issue was raised that the amount sued for was claimed for the fraudulent purpose of conferring jurisdiction.

**3. Practice on Appeal—Remittitur.**

An appellant who first complains on appeal of a remittitur of an amount recovered against a party defendant with him in the court below can not have such matter reviewed where such other defendant is not made a party to the appeal.

**4. Mechanic's Lien—Claims of Subcontractors.**

One who pays to a' building contractor sums due him for erecting a house will be liable to materialmen in an amount equal to those sums, when they were paid after notice had been given of the materialmen's claims.

**5. Same—Same—Owner Protected, When.**

The owner of a building which contractors are erecting will be protected against the lien of materialmen and laborers in paying amounts due the contractors after receiving notice of the lien, when they were upon orders of the contractor accepted before the notice was given.

**6. Same—Separate Property of Wife—Title in Community—Notice.**

The lien of materialmen and laborers for work done upon a house erected upon lots that are apparently the community property of husband and wife, when the materialmen contracted with respect to the property as community and without notice of any separate claim by the wife, is entitled to prevail as against such claim.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*W. P. Hamblen,* for appellants.

*R. L. Whitehead, G. W. Tharp,* and *Ira P. Jones,* for appellees.

GARRETT, CHIEF JUSTICE.—The appellee Chris Schulze brought suit in the District Court of Harris County against Bonnell, Matthews & Harding, a firm of contractors, and Henry House and his wife, Mary House, to recover for labor done by the said Schulze and others, who had assigned their claims to him, for the said Bonnell, Matthews & Harding, as contractors for the erection of a building for the said Henry House, and to foreclose the laborers' lien thereon. The petition averred that the land upon which the building was erected, known as lots 9 and 10, block 82, south side of Buffalo Bayou, in the city of Houston, was the separate property of the said Mary House, and that the labor was done for the benefit of her separate property, upon which ground it was sought to charge the lots with a lien as to her for the payment of the sums alleged to be due. In a separate count personal liability was charged against Henry House, for that after the contractors had failed to pay the workmen the sums due them they continued work at the special instance and request of the said Henry House, and upon his promise that if they would continue he would pay them. Henry House answered the petition with a general denial, and specially, that he had entered into a written contract with his codefendants, the said Bonnell, Matthews & Harding, for the erection of the building, and that the said contractors were indebted to a number of persons and firms for material furnished in the construction of said building whom he asked to have made parties to the suit. He further answered that the said contractors did not finish the building as they had undertaken to do, and that he was compelled to take charge thereof and finish the same; and that the cost of completion added to the sums of money that he had already paid the contractors amounted to more than the contract price, and he was not liable for anything further. Quite a number of parties were brought in and intervened, who set up demands against the contractors for material furnished them in the construction of the building and claimed liens on the lots upon which it was erected.

These parties alleged that the lots were the community property of House and his wife, and that at the time they had fixed their liens Henry House still owed the contractors more money than enough to pay off their claims. Mary House pleaded that the lots were her separate property, and that she had not contracted for the improvement thereof, and that no lien could be asserted against them.

The case was tried by a jury, and, so far as pertinent to this appeal, resulted in a verdict and judgment in favor of the appellee Chris Schulze against Bonnell, Matthews & Harding and George M. Bonnell for the sum of $414.85, and against Henry House personally for the sum of $264, but without lien; and in favor of F. A. Drew Glass Company, $411; E. M. Burke, $304; G. Armandary, $39.65; Barden-Sheets Electrical Construction Company, $283.75; and Brown-Harry Iron Company, $476; against Bonnell, Matthews & Harding and George M. Bonnell individually, and against Henry House and Mary House for foreclosure of the lien.

Chris Schulze's claim for his own personal services was for the sum of $60.45 only. The claims of the other parties, which he included with his own in the suit, had all been assigned to him so as to unite them in the hands of one person for the purpose of collection. In case of recovery he would be required to account to each of the parties who had assigned their claims to him for the amount of his claim, less a share of the expenses incurred in the suit. Having the legal title to the claims, Schulze was authorized to maintain the suit in his own name and recover a personal judgment against House, and the persons who had assigned their claims to him would be bound by the result. The amount claimed in petition was $1653.64, an amount within the jurisdiction of the court. No issue was raised that the amount was claimed for the fraudulent purpose of conferring jurisdiction upon the District Court, and the fact that the plaintiff recovered a less amount than sued for originally would have given the court jurisdiction without a lien does not oust the court of jurisdiction. An examination of the evidence adduced at the trial shows that the testimony was sufficient to authorize the charge of the court and support the verdict of the jury as to the personal liability of Henry House. He was represented throughout the entire transaction by his son, H. C. House, as his agent. The contract with Bonnell, Matthews & Harding was signed by Henry House by H. C. House. It is an undisputed fact that H. C. House represented Henry House in all matters arising in and about the erection of the building. When the contractors fell behind in their payments to the men at work upon the building, they got uneasy about their money and selected one of their number to see H. C. House about the matter. House told them that there was plenty of money in his hands to pay everything, and if they would return to work he would see that they got their money. Under the tenth assignment of error appellant Henry House complains of the action of the court below in allowing the appellee, Chris Schulze, to remit $264 of his recovery against Bonnell, Matthews & Harding and Geo. M. Bonnell individually. We can not see

why this was done, but the appellant complains of it here for the first time and without having made Bonnell, Matthews & Harding parties to their appeal, hence we are not called upon to review this action of the court. There may have been some reason for allowing the remitter which is not made to appear.

The contract for the construction of the building was entered into on July 11, 1895. It called for a three-story building,. but was afterwards amended so as to provide for the addition of a fourth story and a kitchen annex. There was also extra work done as provided for in the contract. Payments were to be made as the work progressed upon estimates of the supervising architect. On February 15, 1896, the contractors abandoned work upon the building and the owner took charge thereof on the 29th day of February, 1896, and completed the same. The last estimate that House paid the contractors was on December 10, 1895. H. C. House, his son and agent, furnished material and advanced money to the contractors independent of the estimates and in his answer the appellant pleaded an account therefor amounting to the sum of $4405.29 as material furnished and payments made by himself. After taking charge of the building he paid for the completion thereof the sum of $5951.69, which was shown to be the reasonable cost of such completion. These sums, added to the sum of $20,300 paid on estimate of the architect, exceeded the contract price by the sum of $2532.63. But it was contended by the appellees that the appellant made payments to the contractors after he received notice of their intention to fix liens against the land and improvements for their claims. On the other hand, the appellant contends that he only paid after such notice certain orders against estimates that he had accepted and become obligated to pay when the estimate should be reached. An investigation of the record shows that these orders are charged against the contractors in the account above mentioned.

Appellees' liens were established as follows:

(1) F. A. Drew Glass Company. Notice January 2, 1896; proof and record January 24, 1896.

(2) Brown-Harry Iron Company. Notice February 2, 1896; proof and record March 5, 1896.

(3) Barden-Sheets Electrical Construction Company. Notice February 18, 1896; proof and record March 2, 1896.

(4) E. M. Burke. Notice April 10, 1896; proof and record April 28, 1896.

(5) G. Armandary. Proof and record of claim, March 25, 1896; date of notice not shown.

After appellant received notice of the claim of F. A. Drew Glass Company, to wit, January 2, 1896, he paid out the following sums as shown by the account attached to his answer:

| | | | |
|---|---|---|---|
| January | 3. | Cash advanced Harding | $65 00 |
| January | 7. | Cash advanced Hamblen | 10 00 |
| January | 17. | Cash advanced labor | 250 00 |
| January | 21. | Cash for Burnes & Todd | 8 20 |

| January | 31. | Cash paid Flynn | 23 00 |
| February | 3. | Cash advanced labor | 622 85 |
| February | 8. | Cash for Burnes & Todd | 50 00 |
| March | 28. | Cash paid Dunlay Hardware Co. | 500 00 |
| April | 11. | Cash paid Dunlay Hardware Co. | 125 00 |
| April | 11. | Cash, E. M. Burke | 350 00 |
| April | 25. | Cash, E. M. Burke | 150 00 |

These items included the amounts which the appellant contends that he had become obligated to pay by acceptance of orders.

The liens of appellees related back to and bound the property from the day that notice thereof was given; but in case of recovery they stand upon an equal footing, and if there should not be enough recovered for the payment of all in full they should be satisfied pro rata. Appellant was not required to pay out more than the contract price of the building, unless he had in his hands, at the time the liens were fixed, money due the contractors, and afterwards paid it to them. His lots would then be liable to the lienholders to the extent of money improperly paid to the contractors. If the amount that the appellant had already properly paid to the contractors, including material furnished by him, added to the reasonable cost of the completion of the building after it had been abandoned by the contractor, was equal to or exceeded the contract price, then the appellant's lots and improvements would not be liable. The account pleaded as payment included both material and money paid to the contractors, and, although the material may have been furnished from the stock of H. C. House and the money paid by him, still, under the circumstances, considering the relation of H. C. House to the transaction, it was not improper for the court to instruct the jury to allow it as payment. It was not necessary for H. C. House to establish it as a lien against the property to entitle the appellant to credit for the items. The charge of the court as to such allowance was sufficiently explicit, and there was no error in refusing the instruction upon the same subject requested by the appellant. For the same reason there was no error in refusing special instruction number 1, to the effect that the appellant was not liable beyond the contract price and might complete the building at a reasonable cost.

There was error, however, in refusing the special instruction number 7, requested by the appellant Henry House, which was as follows: "The jury is instructed that the defendant House had the right to pay any money for obligations contracted for work and labor done on his building prior to any notice given by the interveners, or any of them, if such obligations were made prior to any such notice." In support of the refusal of the court to give this instruction, it is contended by the appellees that there was no evidence when the appellant accepted the orders upon which the obligation was founded, or to show that they were accepted before the appellant received notice of their claims. But while the evidence is not direct and explicit as to the time, yet it appears from the testimony that there was an estimate of the architect issued on February 15th, and that the acceptances, or at least some of them, were made before

that time. Some of the appellees did not perfect their liens or give notice of their claims until after that date. We think that the appellant would be protected in paying such amounts, since they were orders of the contractors upon the owner for material furnished them in the construction of the building, and that the appellant might bind himself by an acceptance to pay them when the estimate should be issued. The issuance of the estimate was the only condition, and it was fulfilled.

We do not think that the evidence was sufficient to show that the lots were the separate property of Mary House. And in addition to that, it appearing from the record that the lots were community property, and the parties having contracted with the appellant with respect to the property as such, without notice of any claim of his wife of separate property, their liens should prevail against such claim asserted after they were acquired.

There being no error in the judgment of the court below as to Chris Schulze, it will be affirmed as to him, but as to the appellees G. Armandary, E. M. Burke, F. A. Drew Glass Company, Barden-Sheets Electrical Construction Company, and Brown-Harry Iron Company, it will be reversed and the cause remanded for another trial. As to the parties not included in the appeal, their causes of action being several and distinct, the judgment will remain undisturbed. A motion was filed by the appellees to strike out the statement of facts, and on submission thereof was taken with the case. The motion will be overruled, but the appellant will be charged with the cost of copying the statement in the record.

*Affirmed in part.*
*Reversed and remanded in part.*

ON MOTION FOR REHEARING.

In disposing of this case at a former day of the term we overlooked the fact that after January 2, 1896, the day of which the F. A. Drew Glass Company gave the appellant Henry House notice of its claim, the latter paid to the contractors, Bonnell, Matthews & Harding, and for their account, the following sums of money in addition to those stated in the opinion of the court, to wit:

January   8.  Estimate of architects in favor of Peden & Co., account of roofing ........................... $250
January  11.  Estimate for work on kitchen .................... 400
              Estimate for plastering ....................... 2,000
February  5.  Estimate favor of Christopher & Sampson ........ 500
February  8.  Estimate for work on kitchen ................. 400

These amounts were more than sufficient to cover the claims of all the appellees whose liens were established by the judgment of the court below, but the appellant Henry House would not be liable on account of these payments for the claims of which he had not received notice when they were made. Notice of the Brown-Harry Iron Company was given Feb-

ruary 2d. It was for the sum of $420.50. After February 2d, on February 8th the appellant Henry House paid the contractor's estimate on kitchen $400 and by Burnes & Todd $50, as shown by the account attached to appellant's answer, amounting to a sum more than sufficient to pay the claims of said Brown-Harry Iron Company. Notice of none of the other claims was given before February 8th. From these facts it appears that House became liable for the payment of the claims of the F. A. Drew Glass Company and the Brown-Harry Iron Company in full, and that the verdict of the jury and the judgment of the court below as to them was correct.

But the other claims necessarily involve the correctness of the action of the court below in refusing the special instruction requested by House with reference to the payment of the claims which he had accepted before notice of the claims of the appellees who fixed their liens, because the record shows that no amounts were paid out to the contractors or for their account after notice of the first of these latter claims, to wit, that of Barden-Sheets Electrical Company, on February 18, except the items to E. M. Burke and Dunlay Hardware Company, which appellant contends he had become obligated to pay by acceptance thereof, and the judgment was properly reversed as to them, if there was evidence tending to show that House became so obligated, unless the appellant should not have had credit for the account of H. C. House. A verbal acceptance of an order will bind the acceptor. 4 Am. and Eng. Enc. of Law, 2 ed., p. 217. The order, however, in favor of E. M. Burke for $350, dated December 27, 1895, has an acceptance written thereon agreeing to deduct it from the architect's estimate for the fourth floor. There was evidence sufficient to require the giving of the refused instruction. In order to have protected House in the subsequent payment, the acceptances must have been made prior to notice. Barden-Sheets Electrical Company gave notice February 18th; E. M. Burke, April 10th; G. Armandary, March 25th. House testified that he had accepted the orders in favor of Burke and Dunlay Hardware Company. There is some difficulty about fixing the dates of the acceptances. But it will be presumed where an acceptance is not dated that it was made before maturity, and within a reasonable time after the date of the bill. 4 Am. and Eng. Enc. of Law, 2 ed., 215.

It is shown by the certificate of the architects on the order of Bonnell, Matthews & Harding in favor of Dunlay Hardware Company for $500, dated January 14, 1896, to be paid out of the tenth estimate, that the tenth estimate was issued February 15th, from which it appears that the acceptance must have been made prior to that date. It is not clear from the evidence when House became obligated to pay all these items, but there was sufficient evidence to have required the court to give the instruction. The refusal of the instruction was material error unless we should hold that the court erred in instructing the jury to give the appellant credit for the account of H. C. House, and thus let one error correct the other. That account for material alone and exclusive of the items for cash would be more than sufficient to cover the claims of the

last three appellees, which aggregate only about $600. In our decision of the case we held that under the circumstances the charge was correct, but we have grave doubts whether the facts support the instruction. The facts about the account have not been fully developed, but there is evidence tending to show that H. C. House was a dealer in building material and sold to the contractors during the construction of the building lumber and other material for use in building the house, for which items appellant seeks credit. Such being the case, it was probably error for the court to instruct the jury to allow the account, and since the question of whether or not the account should have been allowed was for the jury under proper instructions, we can not say that it should be rejected from the credits allowed the appellants and thus affirm the judgment as to the three appellees whose notice was given subsequent to February 15th.

The motions for rehearing as to appellees the F. A. Drew Glass Company and the Brown-Harry Iron Company will be granted and the judgments in their favor affirmed, but as to the Barden-Sheets Electrical Construction Company and E. M. Burke, their motion will be overruled..

*Ordered accordingly.*

Writ of error refused.