### IRVINE v. McDOUGALL et al.

(Circuit Court of Appeals, Ninth Circuit. September 5, 1916.)

No. 2730.

1. MECHANICS' LIENS ⚙═202—ASSIGNMENTS—EFFECT OF.
    The rule that the right to acquire a mechanic's lien is personal and not transferable does not apply to an assignment made to enable the assignee to sue.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 375; Dec. Dig. ⚙═202.]

2. MECHANICS' LIENS ⚙═203(1)—ASSIGNMENTS—EFFECT.
    An assignment of a mechanic's lien is not complete until delivery Therefore, though the lien claimant executed an assignment at the same time he signed the lien claim, the assignment is valid and effective, where the instrument was not delivered until after the filing of the lien claim.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 376, 377; Dec. Dig. ⚙═203(1).]

Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Suit by Jack Irvine against Angus McDougall and others. From a judgment in part for defendants, plaintiff appeals. Reversed and remanded.

The appellant brought a suit in his own behalf, and as the assignee of the claims of six others, to foreclose mechanics liens upon certain mining property. The answer denied the assignment to the appellant of the liens of the other lien claimants. The court below sustained the lien of the appellant in full, but found for the appellees as to the other lien claimants, Fox, Hayes, Wenzel, Sully, Berks, and King. The evidence was that Fox and Hayes filed their lien claims on June 2, 1913, that Wenzel and Sully filed theirs on May 27, 1913, and that Berks filed his on June 7, 1913. There was shown in evidence a written assignment to the appellant, signed by all these lien claimants, bearing no date; but the evidence of the appellant was that the instrument was delivered to him shortly after the liens were filed, and other evidence may be taken as showing that the lien claims were all made out and sworn to on May 20, 1913, and on the same date the lien claimants, excepting King, signed the undated assignment. One of the attorneys for the plaintiffs in the court below testified that the assignments were signed on the day that the lien claims were signed; that the assignment was delivered to him with instructions that he hold the same and deliver it to the appellant after the filing of the liens; that he did as directed, and told the appellant that he

turned it over to him formally, but he testified that, notwithstanding the formal delivery, he kept the instrument in his possession until the bringing of the suit. There was no other testimony on the subject of the time when the instrument was delivered, but it was shown that King's assignment was not delivered until after the suit was begun. The trial court ruled that King's assignment was too late to be included in the suit, and, without making a specific finding on the question of delivery, found generally that the other assignments were made before the liens were filed, and therefrom drew the legal conclusion that the assignments were null and void. Whether that conclusion of law was error is the question which the case presents on the appeal.

Harry E. Pratt and Louis K. Pratt, both of Fairbanks, Alaska, and Herman Weinberger, of San Francisco, Cal., for appellant.

Cecil H. Clegg, of Fairbanks, Alaska, for appellee John A. Healey.

McGowan & Clark, Thomas McGowan, and John A. Clark, all of Fairbanks, Alaska, for appellees Rutherford and Smith, trustees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] We hold that the decree of the court below is erroneous for the reasons: First, the rule that the right to acquire a lien is personal and not transferable, and is destroyed by assignment, does not apply to an assignment made, as in the present case, for the purpose of enabling the assignee to maintain a suit. Skyrme v. Occidental Mill Co., 8 Nev. 219; House v. Schulze, 21 Tex. Civ. App. 243, 52 S. W. 654. Second, there was no delivery of the instrument of assignment to the appellant until after the liens had been filed, and delivery is essential to the completion of an assignment. 5 Corpus Juris, 907; Ritter v. Stevenson, 7 Cal. 388; Leonard v. Adm'r. of Kebler, 50 Ohio St. 444, 34 N. E. 659; Govin v. De Miranda, 76 Hun, 414, 27 N. Y. S. 1049; Buehler v. Galt, 35 Ill. App. 225; Tatum v. Ballard, 94 Va. 370, 26 S. E. 871.

The decree is reversed, and the cause is remanded for further proceedings, and with instructions to permit the plaintiff to file a supplemental complaint alleging the transfer to him of the lien of King.