**In re Jimmie D. HIMES, Debtor.**

**Jimmie D. HIMES, Plaintiff,**

**v.**

**SOVRAN BANK, N.A., Defendant.**

**Bankruptcy No. 84–00202–A.**

**Adv. No. 84–0256–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 23, 1985.

John W. Thyden, Springfield, Va., for debtor.

Alan Rosenblum, Rosenblum & Rosenblum, Alexandria, Va., for Sovran Bank, N.A.

MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The issue presented here is whether an attorney-at-law has the authority to revoke an assignment made by his client. Jimmie D. Himes ("Himes"), debtor herein, filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101, et seq., on March 1, 1984. On June 1, 1984, debtor filed a complaint for the return of money received by a creditor allegedly in violation of the automatic stay. A trial was held on debtor's complaint at which time the Court took the matter under advisement and instructed counsel to submit briefs on the above limited issue.

Himes and Jerome J. Cantrell ("Cantrell") were partners in an auto parts company known as Saratoga Auto Parts, Inc. Both Himes and Cantrell were guarantors of a promissory note dated July 14, 1979 in the amount of $45,000.00 payable to Northern Virginia Bank, whose successor was Virginia National Bank. Virginia National Bank's successor-in-interest is Sovran Bank, N.A. ("Sovran"), defendant herein.

On October 27, 1983, Sovran filed a prejudgment petition for attachment against Himes in the Circuit Court of Fairfax, Virginia when the promissory note went into default with a balance due of $24,102.23. At the time of the filing, David Schell, Esquire ("Schell") was holding in an attorney's escrow account the sum of $8,000.00, which represented Himes' portion of personal injury proceeds.

During the hearing on debtor's complaint, Cantrell testified that he had discussed the default with Himes. According to Cantrell, Himes agreed to assign the $8,000.00 in the escrow account to Sovran. Subsequently, a handwritten notarized letter was given to Cantrell by Himes' son. In turn, Cantrell delivered the letter to Schell. The letter stated in its entirety:

To David Shell [sic]

date
Nov. 14, 1983

Dear Mr. Schel [sic]

This will direct you and authorize and assign you to release and pay to Va. National Bank the sum of 8000.00 [sic] of my money which you are holding. I want the money to be paid to Va. National Bank immediately. After that you are released of any obligation on the amount of 8,000.00 [sic].

The debtor testified that he did not recall writing the above letter nor did the debtor recognize the signature on the letter as being his. The escrow agent did not release the money upon receipt of the letter. The money was turned over to Sovran after the state court entered a judgment order in favor of the bank on March 5, 1984. The bank argues that this order relates back to the prior petition for attachment filed more than ninety days before the bankruptcy petition was filed.

On January 3, 1984, prior to the state court judgment, John Thyden, Esquire ("Thyden"), attorney for the debtor, sent a letter to Schell advising him of the revocation of the previous assignment in favor of the bank. Furthermore, debtor's Homestead Deed filed on February 2, 1984 lists $4,800.00 in cash as being exempt.

Sovran argues that a valid assignment for consideration is irrevocable. The bank maintains that a pre-existing debt is, of itself, valuable consideration. Furthermore, Sovran contends that an attorney-at-law has no power to release security for a debt. Finally, Sovran argues that there is no evidence that Thyden had any authority as an attorney in fact to revoke the assignment as compared to his function as an attorney-at-law.[1]

The debtor argues in his memorandum that there never was an effective assignment. Initially, debtor maintains that Himes never relinquished his control over

---

**1.** An attorney in fact has been distinguished from an attorney-at-law in that "[a]n attorney is defined to be one who is set in the place of another, and he is either public, as an attorney-at-law, or private, as being delegated to act for another, in private contracts or agreements." *Benjamin Watkins Leigh's Case,* 15 Va. (1 Munf.) 468, 481 (1810).

the money. Furthermore, debtor contends that Schell never accepted the assignment but, in fact, paid the $8,000.00 to Sovran because of the state court order, not because of the letter of instruction which, at most, evidenced only a future intent of Himes. Moreover, Himes did not recognize the letter, did not adopt the signature as being his own and did not recall telling Cantrell that he had instructed Schell to pay the bank.

Prior to determining whether an attorney-at-law has the authority to revoke an assignment made by his client, the Court must decide whether there was a valid assignment. Three elements of an assignment which one authority indicates as being prerequisites for validity are: release of the assignor of his power of control over the chose in action, delivery by the assignor of evidence of the assignment and acceptance of the assignment by the assignee. 2A M.J., *Assignments*, § 18, 211, 213 (Repl. vol. 1980); *see Nusbaum and Co. v. Atlantic Realty*, 206 Va. 673, 681, 146 S.E.2d 205 (1966); *Coffman v. Ligett*, 107 Va. 418, 423, 59 S.E. 392 (1907). Courts have determined, however, that valid assignments may be created even in the absence of one or more of these elements if the Court can determine that the assignor intended to create an assignment.

In a discussion of Virginia law, the Fourth Circuit Court of Appeals stated that:

> No particular phraseology is required to effect an assignment, and it may be either in oral or written form; but the intent to vest in the assignee a present right in the thing assigned must be manifested by some oral or written word or by some conduct signifying a relinquishment of control by the assignor and an appropriation to the assignee.

*Lone Star Cement Corp. v. Swartwout*, 93 F.2d 767, 769–70 (4th Cir.1938); *see Tatum v. Ballard*, 94 Va. 370, 375–76, 26 S.E. 871 (1897). An assignment supported by consideration is irrevocable. *Rinehart & Dennis Co. v. McArthur*, 123 Va. 556, 572, 96 S.E. 829 (1918). Moreover, an antecedent debt is considered to be valuable consideration. *Neff v. Edwards*, 148 Va. 616, 623, 139 S.E. 291 (1927).

In *Rinehart & Dennis Co. v. McArthur*, 123 Va. 556, 96 S.E. 829 (1918), the Supreme Court of Virginia held that an assignment for consideration was irrevocable under circumstances similar to the case at bar. 123 Va. at 572, 96 S.E. 829. In *Rinehart*, one M.T. McArthur deposited $1,200.00 with a state court through his attorney in lieu of a bond. On October 15, 1915, McArthur wrote a letter instructing his attorney, Rouse, to pay the $1,200.00 to Rinehart & Dennis Co. when its deposit with the court was no longer required. *Id.* at 568, 96 S.E. 829. At the time McArthur ordered the payment, he was indebted to Rinehart & Dennis Co. in the amount of $2,500.00. On August 31, 1917, McArthur sent a second letter to Rouse rescinding the order of payment. *Id.* at 569, 96 S.E. 829.

The *Rinehart* court held that the order for payment was given as security for an existing debt and was, therefore, supported by consideration. *Id.* at 569, 96 S.E. 829. Furthermore, the court held that even though the order of payment was directed to Rouse rather than the clerk of court who had custody of the money, the order constituted an equitable assignment supported by consideration which was, thereby, irrevocable. *Id.* at 572, 96 S.E. 829.

Debtor distinguishes the *Rinehart* case from the instant matter in that McArthur had relinquished his control over the money by placing it in the hands of the county court. Debtor argues in the case at bar that there was no assignment because Himes had not released his power of control over the monies held by Schell in escrow. There is no doubt, however, that as escrow attorney Schell was the agent of Himes. 7A M.J., *Escrow*, § 9, 400 (Repl. vol. 1985). Moreover, an agent is duty-bound to follow his principal's instructions. *See Owen v. Shelton*, 221 Va. 1051, 1054–55, 277 S.E.2d 189 (1981); *Howatt & Co. v. Davis G. Chalmers*, 19 Va. (5 Munf.) 34, 38, 7 A.D. 681 (1816). Debtor admits that

if Schell had paid the $8,000.00 to Sovran, a valid assignment would have existed.

The Supreme Court of Virginia has held that the form of an assignment is unimportant if the assignor intended to assign a chose in action. *See, e.g., Virginia Machinery and Well Co. v. Hungerford Coal Co.*, 182 Va. 550, 556, 29 S.E.2d 359 (1944); *Watson v. Brunner*, 128 Va. 600, 621–22, 105 S.E. 97 (1920); *Tatum v. Ballard*, 94 Va. 370, 375–76, 26 S.E. 871 (1897).

In *Tatum v. Ballard*, 94 Va. 370, 26 S.E. 871 (1897), the Supreme Court of Virginia held that an irrevocable assignment existed despite the fact that the subject of the assignment was never delivered. 94 Va. at 375–76, 26 S.E. 871. In *Tatum*, a promissory note was assigned to the complainant, Tatum. The note had been filed as part of the record in foreclosure proceedings in Alabama. *Id.* The *Tatum* court held that the note was assigned based on the delivery of a handwritten note of assignment. *Id.* Holding that delivery of the handwritten note was evidence of the assignor's intent, the *Tatum* court stated that "[t]he form of the assignment was not material. Words which show an intention of transferring or appropriating a chose in action to or for the use of another if based upon a valuable consideration will in the contemplation of a court in equity operate as an assignment." *Id.*

In another instance, the Supreme Court of Virginia found a valid irrevocable assignment supported by consideration even though there was no acceptance of the assignment by the person who had custody of the funds. *Switzer v. Noffsinger*, 82 Va. 518, 521 (1886). In *Switzer*, a Peter Deisher received a bond payable in the amount of $400.00 at the death of his wife. At the time Deisher received the bond, he was indebted to one Samuel Noffsinger in an amount in excess of $700.00. Deisher gave a written order to Samuel Burger, administrator of the estate of Thomas Switzer, who had been a surety on the bond, to pay the amount of the bond to Noffsinger. *Id.* at 519. Although Burger declined to accept the written order of assignment, he did make several payments to Noffsinger. The *Switzer* court held that there was no doubt but that Deisher's written order was a valid equitable assignment, stating that "[a]n order for valuable consideration which absolutely appropriates a fund is a good equitable assignment of the fund...." *Id.* at 521.

Both the *Rinehart* and *Switzer* cases indicate that an antecedent debt is valuable consideration for an assignment. There is no doubt but that the instant case features an antecedent debt in that Himes was legally responsible as guarantor for the monies owed to Sovran. In *Tatum, Rinehart* and *Switzer*, the subject matter of the assignment was in the hands of an Alabama court, a Virginia court and an estate administrator, respectively. In the case at bar, the monies were being held by an escrow agent and, as a result, the debtor argues that there was no relinquishment of the power of control as in the other three cases. In light of the similarities between the case *sub judice* and the decisions discussed above which have found valid assignments, this argument appears to hold the formalities of the transaction over the debtor's apparent intent to assign as evidenced by the notarized letter of assignment delivered to Schell. Such an argument has not been upheld. *See Virginia Machinery and Well Co. v. Hungerford Coal Co.*, 182 Va. 50, 56, 29 S.E.2d 359 (1944).

Admittedly, the debtor testified that he did not recognize the note and he contradicted the testimony of Cantrell. Simply stated, however, the debtor could recall virtually nothing of the circumstances which surrounded the instant matter and the Court did not find Himes' testimony clear or helpful. Based on the testimony of Cantrell and the delivery of the note of assignment by Himes' son to Cantrell and subsequently to Schell, this Court holds that the debtor intended to create an assignment of the $8,000.00 fund. Furthermore, the Court finds that the assignment was supported by the ample consideration of the antecedent debt owed to the bank

and, as a result, the assignment is irrevocable. *See, e.g., Rinehart & Dennis Co. v. McArthur,* 123 Va. 556, 572, 96 S.E. 829 (1918); *Switzer v. Noffsinger,* 82 Va. 518, 521 (1886).