# Richmond.

Eggborn v. Board of Supervisors of Culpeper County.

January 14, 1909.

1. Elections—*County Bonds—Roads—Disqualified Voters.*—If residents and voters in a town exempt from road tax are allowed to vote indiscriminately with other residents of the magisterial district in which the town is located at an election held under the act of March 8, 1908. "to provide for the issuing of county bonds for permanent road improvement in the magisterial districts of the counties of the State" (Acts 1906, p. 105), which contains a proviso, "that no voter shall be allowed to vote in said election who resides and is a voter in a town exempt from road-tax," such election is void, as it is not held agreeably to the mandates of the statute.

2. Elections—*Mistake—County Bonds.*—Where a bond issue is voted by all the voters in a magisterial district, which embraces an incorporated town, on the theory and in the belief that the town was to participate in the benefits and bear a corresponding portion of the burden of the bond issue, and this theory and belief turn out to be erroneous, the election should be set aside and the bond issue annulled.

3. Constitutional Law—*Taxation Without Right to Vote—Permanent Roads—County Bonds—Acts 1906, p. 105.*—The act of March 8, 1906, "to provide for issuing county bonds for permanent road improvement in the magisterial districts of the counties of the State," denies to voters residing within a town which is exempt from road-tax the right to vote at elections held under the act. The act further provides that "a tax shall be levied on all property liable to State tax in such magisterial district. *Quaere:* Are these features of the act repugnant to section 6 of the Constitution so far as it affects citizens of a town which lies within a magisterial district, and is exempt from road-tax?

Appeal from a decree of the Circuit Court of Culpeper county.   Decree for defendant.   Complainant appeals.

*Reversed.*

The opinion states the case.

*Grimsley & Miller,* for the appellant.

*Edwin A. Gibson* and *T. Morris Wampler,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree dismissing the bill filed by the appellant, E. J. Eggborn, a resident and tax-payer of the town of Culpeper, to enjoin the appellee, the Board of Supervisors of Culpeper county, from · issuing or disposing of $60,000 of bonds executed for the purpose of macadamizing and permanently improving the public roads of Catalpa district in that county. The bill contains the alternative prayer, that if the court should be of opinion that the bonds might lawfully be issued, then that it would declare the persons and property within the corporate limits of the town of Culpeper (which constitutes a part of Catalpa district) exempt from the tax imposed for their payment, and enjoin the board of supervisors from levying any part of such tax upon them or their property.

The proceeding sought to be enjoined was had under an act approved March 8, 1906, "to provide for the issuing of county bonds for permanent road improvement in the magisterial districts of the counties of the State." Acts 1906, p. 105.

On the petition of the board of supervisors, the circuit court directed the opening of a poll to take the sense of the qualified voters of the county on the question, whether the board should issue bonds to an amount not exceeding $60,000 for the purpose of macadamizing certain designated roads in Catalpa district.

The order likewise contains the following provision: "For

the purpose of this order the residents of the town of Culpeper and the property located within the corporate limits thereof, said town being a part of Catalpa magisterial district, shall be held liable to taxation for the payment of said bonds, should they be issued, notwithstanding that said town may keep its streets in order, and said residents be exempted from ordinary road tax by reason thereof. Provided, however, that a separate poll shall be opened for the purpose of taking the sense of the qualified voters of said town on the question herein directed to be submitted."

After the entry of the foregoing order, it was agreed between the council of the town and the board of supervisors, that the council would waive the exemption relieving the property within the town from taxation, provided, the board would devote a part of the proceeds of the bonds to macadamizing certain of its streets.

At the election held by order of the court, no separate poll was opened for the voters of the town, as directed by the order; but the judges of election of Catalpa precinct; which is the regular precinct for the voters of the entire district, received and deposited in one ballot-box all votes cast at that precinct, whether the voters resided within or outside the corporate limits of the town.

The election resulted in the requisite majority "for bond issue." Nevertheless the agreed facts show that a large number of persons were influenced to vote for the issue of the bonds on the supposition that the property in the town (which composed more than one-half of the taxable values of the entire district) was liable to taxation along with the other property of the district for the payment of the bonds.

At the hearing of the cause, the circuit court held that the proposed bonds were valid, and that the property within the town was ratably subject to taxation for their payment, and decreed accordingly.

The town of Culpeper is a municipal corporation, duly chartered under the laws of the State, and section 37 of the charter declares, that the persons and property within the town shall be exempt from road-tax so long as the town shall, at its own expense, keep its streets in order, a requirement with which it has long complied.

It is insisted by the appellee, however, that the exemption must be construed with reference to the ordinary district road tax, existing at the date of the charter, for working and keeping in order and repairing the public roads and bridges in the district; and not to the establishment and permanent improvement of public roads as contemplated by the act of March 8, 1906, by virtue of which this proceeding was had. But the argument in favor of the suggested limitation with respect to the exemption loses its cogency when considered in the light of the proviso found in section 19 of the last named act, namely, "that no voter shall be allowed to vote in said election who resides and is a voter in a town exempt from road tax."

It will be observed that the action of the circuit court in directing a poll to be opened to take the sense of the voters of the town on the question of bond issue utterly ignores the foregoing provision.

Nor can we agree to the proposition, that the bond issue is valid though the property of the town should be held to be exempt. The order of the court and the agreed facts both show that the poll was held and the vote cast on the theory and in the belief that the town was to participate in the benefits and bear a corresponding portion of the burdens of the bond issue. These salient features of the transaction are so correlated, both by the order of the court and the action of the voters in pursuance thereof, as to be inseparable, and they must stand or fall together. ·

The election was not held agreeably to the mandatory requirement of the statute, and for that reason was illegal and the bond issue invalid.

The decree appealed from is, therefore, erroneous; and this court will enter such decree as the circuit court ought to have entered declaring the election under and will enjoin the appellee from disposing of the bonds.

NOTE.—There is a question involving the constitutionality of the act which was not raised in the case and upon which we express no opinion, to which, however, attention ought to be called.

As we have seen, section 19 denies to voters residing in the town the right to vote in such election; nevertheless, section 24 provides, that "a tax shall be levied on all property liable to State tax in such magisterial district" to pay the interest on the bonds and to create a sinking fund to retire the principal at maturity.—*Quaere:* Are these features of the act repugnant to section 6 of our bill of rights, which declares: "That all elections ought to be free; and that all men, having sufficient evidence of permanent common interest with, and attachment to, the community, have the right of suffrage, and cannot be taxed, or deprived of, or damaged in their property for public uses, without their own consent, or that of their representatives duly elected, or bound by any law to which they have not, in like manner, assented for the public good?"

*Reversed.*