Statement.

## Richmond.

## BOARD OF SUPERVISORS OF FAUQUIER COUNTY V. SPILMAN AND OTHERS.

### March 14, 1912.

1. APPEAL AND ERROR—*Elections—Bond Issues.*—In a proceeding to determine the regularity and validity of an election to determine whether or not county bonds shall be issued for permanent road improvements in the magisterial districts of a county, an appeal lies to this court from the final order of a circuit court in such controversy.
2. CONSTITUTIONAL LAW—*County Bonds—Right to Issue—Validity of Act.*— The act of March 8, 1906, (Acts 1906, p. 105) "to provide for the issue of county bonds for permanent road improvement in the magisterial districts of the counties of the State;" is a valid and constitutional enactment. The question has been twice before decided by this court, and is no longer an open one.
3. PLEADING—*Departure—Estopel—Elections.*—A party cannot assume successive positions in the course of a suit which are inconsistent with each other and mutually contradictory, but will be held to the defenses set up in his pleadings. A defendant who has set up the defense, by answer, that an election was valid, cannot subsequently claim that it was invalid and claim a new election, although the plaintiff had alleged the invalidity of the election in his complaint, but had subsequently abandoned that position.

Error to a judgment of the Circuit Court of Fauquier county, in a proceeding to contest an election. Judgment for the petitioners. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Keith & Richards* and *C. E. Nicol,* for the plaintiffs in error.

*R. A. McIntyre, Moore, Barbour & Keith,* and *J. Donald Richards,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

On June 5, 1911, (the preliminary requirements of law having been complied with) the Circuit Court of Fauquier county ordered an election to be held August 8, 1911, to take the sense of the qualified voters of the county, including the qualified voters of Center Magisterial District, to determine whether or not the board of supervisors should issue county bonds to the amount of $75,000, for the· purpose of macadamizing or otherwise perma- nently improving the roads and bridges in said magisterial district.

The certificate of the commissioners of election showed that though a majority of the votes cast in the county at large was for the bond issue, a majority of two of the votes cast in Center Magisterial District was against it.   Thereupon, the defendants in error, E. M. Spilman, and eighteen other qualified voters of Fauquier county, hereinafter called the plaintiffs, presented their petition to the circuit court to contest said election, on the grounds that it was an undue election and that the returns were false returns.   The petition sets out in detail various objections to the regularity and validity of the election.

The board of supervisors of Fauquier county were made defendants, and demurred to the petition, and, their demurrer having been overruled, filed their amswer, in which they alleged that the election was fairly and honestly conducted, and a true return of the result thereof showed that the bond issue had been defeated.   And, on motion of the plaintiffs, and without objection on the part of the defendants, the court proceeded to open the ballots cast in Center Magisterial District, and counted the same in open court; and, without exception, having rejected a ballot as being void, ascertained that a majority of two of all the ballots cast in Center Magisterial District were in favor of the bond issue, and it was so determined and declared.   It also appearing from the return of the commissioners of election that a majority of the qualified voters of the county voting in said election likewise voted in favor of the bond issue, it was ordered that the board of supervisors of Fauquier county proceed at their next meeting to issue the bonds in question.   The court, moreover, awarded costs against the defendants.

After the recount of the ballots had thus been made by the court, and the result announced, counsel for the plaintiffs stated that

they did not desire to introduce further evidence, and rested their case. Counsel for the defendants then filed a motion in writing, setting out various objections to the order of the court deciding the result of the election as shown by the recount of the ballots, but the court overruled the motion and adhered to its decision, and the defendants excepted.

No further evidence having been offered, the court proceeded to make a record of its judgment, which is fully set forth in its ·order. The court also directed the clerk to seal the original ballots, and transmit them to the clerk of this court, instead of ·certified copies.

We may, in the outset, dispose of the motion of the plaintiffs to dismiss this writ of error as having been improvidently awarded, because, it is said, the court has no jurisdiction of the controversy; and that an election contest is not a case within the meaning of section 88 of the Constitution.

We think this question falls within the influence of, and is ruled by, the decision of this court in *Eggborn* v. *Board of Supervisors of Culpeper County*, 109 Va. 94, 63 S. E. 424.

It is true the proceeding in that case was by bill in equity on behalf of a resident and tax-payer of the town of Culpeper to injoin the board of supervisors from issuing or disposing of the road bonds in controversy. But relief was granted, not because the act under which the election was held was unconstitutional, as counsel seem to suppose, but because "the election was not held agreeably to the mandatory requirement of the statute, .and for that reason was illegal and the bond,issue invalid."

We may also dispose of what appears to be the chief reliance of the defendants in their specification of objections to the court ordering the issuance of the bonds—namely, that the act under which the election was held is unconstitutional.

That is no longer an open question in this jurisdiction. The constitutionality of the statute was upheld, without qualification, by this court in an opinion handed down at the last (November) term—*Moss* v. *Tazewell County*, 112 Va. 878, 72 S. E. 945, and .also by the court's refusal, on that and other grounds, of an appeal from a decree of the circuit court of Lee county in the case of *Holliday, for &c.* v. *Board of Supervisors of Lee County.*

50

The case in its other aspects presents a truly anomalous situation. As already observed, upon the face of the returns the bond issue had been defeated by a majority of one vote, and the plaintiffs filed their petition contesting the election, upon sundry grounds set forth therein. But the defendants (after their demurrer had been overruled) filed their answer, virtually denying all the allegations of the petition, by insisting "that the election * * * was fairly and honestly conducted, and in accordance with law, and a true return of the result of said election was made by the officers charged with that duty. * * *" We have also seen that the court, without objection, recounted the ballots cast in Center District, and rejected *a void ballot*, and ascertained that the bond issue was carried by a majority of two votes. The only evidence before the circuit court was the ballots, and the correctness of the recount is not questioned. Nevertheless, it is gravely insisted on behalf of defendants that it was the duty of the court to have set aside the election on the abandoned and unsupported allegations of the petition, which were explicitly denied by their answer.

It is quite clear that no such duty rested upon the court, and that it was without authority to pursue that course. The contention of the defendants is violative of the well-settled principle that a party cannot assume successive positions in the course of a suit which are inconsistent with each other and mutually contradictory, but will be held to the defenses set up in his pleadings. *Tatum* v. *Ballard*, 94 Va. 370, 26 S. E. 871; *C. & O. Ry. Co.* v. *Rison*, 99 Va. 18, 37 S. E. 320; *Norfolk & Ocean View Ry. Co.* v. *Turnpike Co.*, 111 Va. 131, 132–133, 68 S. E. 346.

We are of opinion that there is no error in the order complained of, and it must be affirmed.

*Affirmed.*