## Richmond

### TUCKER WATKINS MCLAUGHLIN, ET AL. v. CLAUDE GHOLSON.

January 19, 1970.

Record No. 7036.

Present, All the Justices.

*John W. Pearsall; John W. Pearsall, III (A. G. Hutcheson; Mc-Caul, Grigsby and Pearsall*, on brief), for appellants.

*Frank C. Maloney, III; Reginald H. Pettus (Richard W. Hogan; Hirschler and Fleischer*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the court.

Tucker Watkins McLaughlin and Carroll G. Mays filed their bill of complaint alleging that Claude Gholson held title to a certain tract of land as constructive trustee for them. They prayed that the court order him, or a special commissioner of the court appointed for the purpose, to convey legal title to them upon payment of the sum of

$13,950, less reasonable attorneys' fees and costs. The court refused to grant the relief sought.

By agreement dated September 29, 1966 Glenn Robinette, then a widower, for the consideration of $50 granted to McLaughlin and Mays the exclusive option to buy a tract of 162.9 acres in Charlotte County for $13,950. To exercise the option McLaughlin and Mays were required to give notice to Robinette on or before midnight, December 1, 1966, and to close the transaction within 30 days thereafter. The option agreement contained the following provision:

"It is understood that the foregoing property is subject to a deed of trust in favor of the Farmers Home Administration, and in the event the said FHA shall not approve all the terms of this option, then it shall be null and void."

An executed copy of the agreement was recorded in the Clerk's Office of Charlotte County on November 29, 1966. Attached to and recorded with the instrument was a certificate of McLaughlin and Mays that they had notified Robinette by certified mail of their intention to exercise the option.

By letter dated December 5, 1966 Farmers Home Administration advised counsel for McLaughlin and Mays of the amount required on that date to pay the outstanding balance of the Robinette obligation secured by deed of trust on his farm and the daily interest which would accrue each day thereafter until paid.

During the option period McLaughlin and Mays had sought to interest Gholson in purchasing the Robinette farm and had informed him that they had an option to buy it. But Gholson made a direct offer of $15,000 to Robinette for the farm. By letter dated December 28, 1966 McLaughlin notified Gholson that he and Mays were holding Robinette to performance of his contract with them. Nevertheless, by deed dated January 3, 1967, and recorded January 9, 1967 in the Clerk's Office of Charlotte County, Gholson acquired title to the land from Robinette, who had remarried, and his wife. Gholson paid Robinette $14,000 in cash and gave a note for $1,000, the balance of the purchase price. McLaughlin and Mays then initiated this chancery cause for the purpose of requiring Gholson to convey the farm to them for the purchase price of $13,950 specified in the option agreement.

This controversy turns upon the following stipulation agreed to by opposing counsel:

## "STIPULATION

"Come now the complainants and defendant by counsel and stipulate that the sole issue for the Court is its construction of the contract to determine whether under its terms and at the time C. J. Gholson took legal title to the farm, the obligation of Glenn Robinette had become void for absence of any signature of an authorized official of Farmers Home Administration to the writing dated September 29, 1966, the defendant agreeing that he has no defense by which to avoid the relief prayed for in the Bill of Complaint if such was not the case."

There is no dispute as to the facts. They have been agreed to by pleadings and admissions. The single legal question is the enforceability of the option agreement of September 29, 1966. Here again agreement was reached by the clear and unequivocal language of the stipulation that the issue was a very narrow one, depending entirely upon whether the option was void, at the time Gholson acquired title to the farm, for absence of any signature of an authorized official of Farmers Home Administration. This simply removed from controversy any factual issue such as approval by FHA of the option agreement by any means short of signing the agreement.

This court looks with favor upon the use of stipulations, admissions, discovery and other pre-trial techniques which are designed to narrow the issues and expedite the trial or settlement of litigation. *Harris* v. *Diamond Const. Co.*, 184 Va. 711, 722, 723, 36 S. E. 2d 573, 578, 579 (1946); *Parker* v. *DeBose*, 206 Va. 220, 223, 224, 142 S. E. 2d 510, 512, 513 (1965); Rules, Part IV.

No question has been raised as to the authority of his attorney to enter into the stipulation for Gholson or to bind him by it. We therefore accept the stipulation as definitive of the factual issue.

The lower court after reviewing the pleadings, admissions and stipulation, held that signature by an authorized official of FHA of the option agreement "was not mentioned or required" by the agreement. We agree with this legal conclusion, which is clearly correct from a reading of the instrument. Furthermore, no cross-error having been assigned to this finding it is now final.

But the court went further and held that, although signature on its behalf was not required, approval by the FHA of all terms of the

agreement was required. The conclusion was reached that the option terms had not been met because there was no affirmative showing of such approval by the FHA.

McLaughlin and Mays contend that the court's finding that no signature for FHA was required conclusively determined the one issue in controversy under the stipulation. They did not undertake to introduce evidence as to informal approval because the stipulation eliminated the necessity to do so. They further contend that the lower court in effect permitted Gholson to prevail by assuming a position inconsistent with the stipulation. We agree with these contentions.

When the court found that no signature by FHA was required by the option agreement this was determinative of all matters in controversy. When all available evidence has been included in a stipulation the factual consideration of a case is confined to the stipulation. *Dooley* v. *Commonwealth*, 198 Va. 32, 35, 92 S. E. 2d 348, 349 (1956). The stipulation made it unnecessary to adduce evidence and Gholson will not be permitted to change his position to the prejudice of his adversaries in contravention of the stipulation freely entered into.

By agreeing that he had no defense to the bill of complaint if the option agreement was not void for lack of signature thereto by FHA Gholson effectively eliminated any other possible defenses which might have been available to him. He cannot take the inconsistent position that if the agreement was valid because no FHA signature was required it was nevertheless invalid because informal FHA approval was required and not proved. A litigant cannot assume positions which are inconsistent with each other and mutually contradictory. *Rohanna* v. *Vazzana*, 196 Va. 549, 553, 554, 84 S. E. 2d 440, 441, 442 (1954); *Board of Supervisors* v. *Spilman*, 113 Va. 391, 394, 74 S. E. 151, 153 (1912); *National Mutual Building & Loan Ass'n.* v. *Ashworth*, 91 Va. 706, 709, 22 S. E. 521, 522 (1895). See also *Story* v. *Newspapers, Inc.*, 202 Va. 588, 593, 118 S. E. 2d 668, 670, 671 (1961).

We conclude that the option agreement was valid and enforceable and complainants are entitled to the relief which they seek. The decree of the lower court is reversed, and this cause is remanded for such further proceedings as may be necessary and proper in accordance with the views herein expressed.

*Reversed and remanded.*