## Richmond

### HENDERSON & RUSSELL ASSOCIATES, INC. V. WARWICK SHOPPING CENTER, INCORPORATED.

November 24, 1976.

Record No. 751306.

Present, All the Justices.

*J. Davis Reed, III*, for appellant.

*Raymond H. Suttle (Richard S. Gordon; Jones, Blechman, Woltz & Kelly, P. C.*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the court.

Building & Design, Inc., the general contractor, entered into a contract in 1973 to complete a partially constructed theater building in the City of Newport News for the owner, Warwick Shopping Center, Incorporated (Warwick), for $105,700. After payments in the aggregate amount of $72,626.83 had been made to the general contractor by Warwick, the general contractor defaulted in February, 1974, when the project was approximately 25% unfinished. Thereafter, a subcontractor, Henderson & Russell Associates, Inc. (Henderson), timely filed a memorandum of mechanic's lien for the balance due it by the general contractor, had copies of the memorandum served on the general contractor and on Warwick, and instituted this chancery cause to enforce its lien against the property.

The facts were stipulated. The balance payable by the general contractor to Henderson for work completed on the building, after allowing credit for unfinished work and certain materials recovered from the job site pursuant to a separate law action in detinue, was the sum of $25,534.56, with interest from February 27, 1974. The balance payable by Warwick to the general contractor under the contract if the contract had been satisfactorily completed was $33,073.17. Warwick, which had neither completed the building nor contracted to have it completed at the time of trial some eighteen months after the general contractor defaulted, had received from another contractor an estimate of $75,000 for the cost of completion.

On these facts the trial court ruled, without giving reasons for the ruling, that Henderson's lien was not enforceable. Henderson has appealed from the final decree entered on August 21, 1975, which dismissed its bill of complaint and awarded judgment to Warwick.

Under the provisions of Code § 43-7,[1] the lien of a subcontractor is limited to the amount in which the owner is indebted to the general contractor, at or after the time the owner is given notice of the subcontractor's claim. *Mills* v. *Moore's Super Stores, Inc.*, 217 Va. 276, 278-79, 227 S.E.2d 719, 722 (1976).

Henderson contends that Code § 43-16 [2] is controlling, and that Warwick cannot avail itself of any setoff for cost of completion unless the building has been completed within a reasonable time. Warwick argues that the uncontradicted

---

[1] Code § 43-7 (Repl. Vol. 1970) provides:

"**Perfection of lien by subcontractor; extent of lien.** — Any subcontractor, in order to perfect the lien given him by § 43-3 shall comply with § 43-4, and in addition give notice in writing to the owner of the property or his agent of the amount and character of his claim. But the amount for which a subcontractor may perfect a lien under this section shall not exceed the amount in which the owner is indebted to the general contractor at the time the notice is given, or shall thereafter become indebted to the general contractor upon his contract with the general contractor for such structure or building or railroad."

[2] Code § 43-16 (Repl. Vol. 1970) provides:

"**What owner may do when contractor fails or refuses to complete building, etc.** — If the owner is compelled to complete his building, structure, or railroad, or any part thereof undertaken by a general contractor in consequence of the failure or refusal of the general contractor to do so, the amount expended by the owner for such completion shall have priority over all mechanics' liens which have been or may be placed on such building, structure, or railroad by such general contractor, a subcontractor under him, or any person furnishing labor or materials to either of them."

evidence that the cost of completion by another contractor would substantially exceed the balance payable under the contract if the general contractor had fully performed establishes that the owner, at or after the time of receiving written notice of the subcontractor's claim, was not indebted to the general contractor and, therefore, under Code § 43-7 was not liable to Henderson.

Both Henderson and Warwick rely principally on *Knight* v. *Ferrante*, 202 Va. 243, 117 S.E.2d 283 (1960). In that case the owners took possession of their newly constructed house but withheld the last payment of $6,400 to the general contractor because, they alleged, he had not completed the work and until he had done so they owed him nothing. Construing Code §§ 43-7 and 43-16, we held that the owners, who denied any liability to the subcontractors who were seeking to enforce mechanics' liens, had the burden of going forward with evidence to show what claims, if any, the owners had against the withheld funds. But the owners neither completed the building nor offered evidence as to the cost of completion. In the absence of evidence that the owners had setoffs or counterclaims against the funds, we affirmed the ruling of the trial court that the owners were indebted to the general contractor in a sum exceeding the aggregate amount of the subcontractors' claims and that the liens of the subcontractors were valid and enforceable. *See* 47 Va. L. Rev. 1489 (1961).

In the present case there was uncontradicted evidence that Warwick had a setoff or counterclaim against the general contractor in an amount substantially greater than the withheld fund. If evidence was available that the building could have been completed for less than the withheld fund it was Henderson's responsibility to introduce such evidence. By stipulating that Warwick had received an estimate from Lasal Construction Company, Inc., that it would cost approximately $75,000 to complete the building in accordance with the contract specifications, and offering no evidence to the contrary, Henderson eliminated cost of completion as a factual issue. *See McLaughlin* v. *Gholson*, 210 Va. 498, 501, 171 S.E.2d 816, 818 (1970).

We adhere to the principle enunciated in *Knight* v. *Ferrante*, *supra*, that in order for an owner to take advantage of the provisions of § 43-16 he must adduce evidence as to the cost of completion, whether or not the building has been completed. We

believe that the legislative intent implicit in § 43-16 was to permit an owner who has not completed a building project that has been abandoned by a defaulting contractor to set off against withheld funds the cost of completion.

Accordingly, we hold that Warwick, at or after the time it was notified of Henderson's claim, was not indebted to the general contractor. It follows that the trial court did not err in ruling that Henderson's mechanic's lien could not be enforced against Warwick's property.

*Affirmed.*