## CIRCUIT COURT OF BATH COUNTY

Bath County ex. rel.
James L. Rice, Jr., and Barbara M. Rice

v.

540 Acres, more or less, of waste and
unappropriated land in Williamsville
Magisterial District of Bath County et al.

December 31, 1980

Case No. 418

By JUDGE ROSCOE B. STEPHENSON, JR.

Petitioners, James L. Rice, Jr., and Barbara M. Rice, seek to have the court direct sale of a tract of land containing 540 acres, more or less, which they allege is waste and unappropriated land. They have initiated this proceeding on behalf of Bath County pursuant to the provisions of Code § 41.1-16, *et seq.* Old Stag Hunting Club, Inc., (hereinafter Old Stag) one of the defendants, has moved to have the petition dismissed upon the following grounds: (1) That petitioners seek to relitigate an issue which has been previously adjudicated by this court in the case of *James L. Rice, Jr., and Barbara M. Rice v. Old Stag Hunting Club, Inc.* (Case No. 389), that issue being the true boundary line between the petitioners and Old Stag; (2) that petitioners' plat fails to meet the requirements of Code § 41.1-16; and (3) that petitioners failed to comply with the provisions of Code Sec. 41.1-17 which provides that this case be heard on the merits "not less than thirty nor more than sixty days from the date upon which the same was filed."

In 1977, the petitioners filed a suit against Old Stag for the purpose of having the true boundary line established between the lands of the respective parties (hereinafter referred to as the boundary line case). In

their motion for judgment, the petitioners alleged, *inter alia*, "[t]hat a dispute has arisen between the plaintiffs and the defendant as to the true location of the boundary line between the parties' respective properties." (Par. 32), and "[t]hat the parties hereto are co-terminous landowners." (Par. 34). Petitioners' motion for judgment also described by metes and bounds (referring to a plat filed with the motion for judgment as Exhibit B) what they alleged was "the true location of the boundary line between the parties hereto" (Par. 33).

In the boundary line case, the jury was instructed with respect to the issue to be decided as follows:

> The court instructs the jury that the issue and question to be determined by them in this case is the true boundary line between the lands of the plaintiffs, James L. Rice, Jr., and Barbara M. Rice, and the lands of the defendant, Old Stag Hunting Club, Inc., and that by their verdict they shall find and state the true boundary line between the said lands. (Instruction No. 1, requested by the plaintiffs, Mr. and Mrs. Rice).

In the boundary line case, the jury returned the following verdict:

> We the jury upon the issue joined find that the true boundary line between the lands of the plaintiffs, James L. Rice, Jr., and Barbara M. Rice, and the lands of the defendant, Old Stag Hunting Club, Inc., is as follows: In accordance with the Harris Survey as shown by Plaintiffs' Exhibit No. 2.

The judgment order approving the jury's verdict was entered by this court on February 21, 1978.

In the present case, the petitioners allege that a part of the land lying to the south of the line established in the boundary line case is now waste and unappropriated land, a position completely inconsistent with that taken by them in the boundary line case.

Code § 41.1-16 provides, *inter alia*, that [a]ny citizen, resident of this State, who has reason to believe that there are waste and unappropriated lands in this

State. . . shall have the right to file a proceeding in the name of the County. . . seeking the sale and disposition of such land." It further provides that each adjoining landowner shall be made a party to the proceedings. Code § 41.1-19 states that "[t]he governing body of the County. . . in which any waste or unappropriated land lies may. . . initiate proceedings. . . to have such lands sold."

Old Stag asserts that the petitioners are attempting to relitigate an issue formerly adjudicated and that they are foreclosed from doing so by both Code Section 8.01-183 and common law principles of res judicata. Petitioners counter with the assertion that the doctrine of res judicata "holds that a final judgment upon the merits in an action bars a subsequent suit between the *same parties* or their privies on the *same cause of action*," but that "[f]urther litigation between the same parties upon a different cause of action, a new case, is not precluded." They further contend "that the cause of action in the case at bar and the cause of action in their previous suit against Old Stag, though seemingly close, are distinctly different causes of action." Petitioners' memorandum, p. 4. The earlier case, they assert, was for the purpose of establishing a boundary line and was in the nature of an action of ejectment; whereas, the present proceeding is brought for the purpose of selling waste and unappropriated land. Additionally, the petitioners argue that "[e]ven assuming that the Rices are precluded from litigating the issues at bar, neither Code Section 8.01-183 nor the doctrine of res adjudicata prevents a continuation of the action to determine the rights and interests of Bath County" and that "[t]he County was not a party in interest or a privy to an interested party, in Case # 389; therefore, the holding therein does not, and could not, adversely affect the rights of the County."

The court agrees with the petitioners' claim that the boundary line case and the present case are different causes of action. Consequently, the doctrine of res judicata, in the strict sense, does not apply. In the present case, however, the petitioners are taking a position which is totally inconsistent with the position they took in the boundary line case, and "[a] litigant cannot assume positions which are inconsistent with each other and mutually contradictory." (Citations omitted.) *McLaughlin v. Gholson*, 210 Va. 498, 501, 171 S.E.2d 816, 818

(1970). *See also, Thrasher v. Thrasher,* 210 Va. 624, 628, 172 S.E.2d 771, 773-74 (1970); *Rohanna v. Vazzana,* 196 Va. 549, 84 S.E.2d 440 (1954); *Burch v. Grace Street Building Corp.,* 168 Va. 329, 340, 191 S.E. 672, 677-78 (1937).

In *Burch v. Grace Street Building Corp.,* the court said:

> In Virginia, we have also approved the general rule that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. A litigant is estopped from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais.* 168 Va. 340, 191 S.E. 677.

The fact that the petitioners (Mr. and Mrs. Rice) filed their petition on behalf of the county does not alter the situation. Mr. and Mrs. Rice instigated and initiated this proceeding, and they are the *litigants.*

The court holds, therefore, that neither the Rices nor anyone acting for or in concert with them may take a position in this proceeding which is inconsistent with the position they took in the boundary line suit. It begs the question to argue that the county or some other citizen may initiate a similar proceeding. The county can act only by and through its Board of Supervisors, and whether that board may determine to pursue the matter is a political and legislative question. Likewise, whether another citizen, acting independently of Mr. and Mrs. Rice may wish to initiate such a proceeding is a matter of individual decision. With either, the county or another citizen, the time and expense involved in a suit to try title to land will be a major consideration in all probability.

The petition will be dismissed unless the petitioners can amend their petition and accompanying plat so that they will be consistent with the holding of the court.

The decision reached respecting the effect of the boundary line case makes any decision on the other grounds

for dismissal moot at this time, and the court expresses no opinion as to those matters.