EDMUND LEWIS CARR

V.

JOEL E. THARP, ET AL.

April 24, 1981.

Record No. 790261.

Present: All the Justices.

*George A. Fath* for appellant.
*L. Lee Bean* for appellee.

HARRISON, J., delivered the opinion of the Court.

Edmund Lewis Carr complains that the decree of the court below, directing him to convey to Joel E. Tharp an undivided interest in Fairfax County real property, was "outside the framework and scope of the pleadings" and dealt with an issue which was not before the court for decision.

Carmen D. Carr was formerly married to Joel E. Tharp, and they had one child, Mia. During their marriage the Tharps acquired property identified as 13145 Melville Lane, Fairfax, Virginia, and executed a deed of trust thereon to secure a debt of $37,600. The Tharps were divorced in 1972, and thereafter she married Edmund Lewis Carr.

Mrs. Carr died December 11, 1973, survived by Edmund, her husband, and Mia, her daughter. Her will named Louis S. Papa executor of her estate and directed that her undivided one-half interest in 13145 Melville Lane, Fairfax, be sold with the proceeds distributed one-half to Edmund and one-half to Mia. The will did not specifically give the executor power to sell the property, and it was never sold by the executor.

Joel E. Tharp has been residing on the property since he and his former wife acquired title thereto, and Mia has been living with him since the death of her mother. In 1976, Tharp offered to purchase Carr's undivided one-fourth interest for the sum of $7,500, this sum

to be in full settlement of his interest and claims. On November 1, 1976, counsel for Carr advised Tharp's attorney by letter that Tharp's offer has been accepted.

Tharp instituted the instant proceedings, alleging that he and Mia, a minor, owned an undivided three-fourths interest in the property and that Edmund L. Carr had agreed to sell the remaining one-fourth interest to Tharp for $7,500. Tharp represented that he and Mia occupied the property as a place of residence, that it was encumbered by a first deed of trust, and that in order to make the purchase he had arranged to obtain a loan of $7,500. Tharp stated that to secure this loan by a valid second deed of trust on the property, it would be necessary to encumber Mia's undivided interest. He further alleged that he would pay both the first and second deeds of trust, thereby increasing Mia's equity in the property. Carr, Mia, and the trustees named in the first deed of trust were made parties defendant to the bill of complaint. The guardian *ad litem,* appointed to protect Mia's interest, filed an answer praying that no decree be entered to her prejudice. Thereafter, Louis S. Papa, executor of Carmen D. Carr's estate, who was made a party defendant by Tharp, filed an answer uniting in Tharp's prayer that Mia's interest be encumbered.

On June 1, 1977, Carr filed his answer to the bill of complaint stating that "the proposal contained in the Bill of Complaint for severance of his interest in the subject real estate serves the best interests of the parties." He joined "in the prayer for relief and [prayed] that the Court . . . enter a decree permitting encumbrance of the interest of MIA THARP, infant, in the real estate described in the Bill of Complaint."

On July 26, 1977, the court below entered a decree referring the matter to Jesse B. Wilson, III, special commissioner in chancery. The decree of reference was endorsed by all parties in interest or their counsel, including counsel for Carr. The commissioner, after notice to all parties in interest, made the inquiries directed by the court at a hearing held November 7, 1977. Neither Carr nor his counsel, who were given notice, attended this hearing. In his report, filed June 21, 1978, the commissioner stated that Carr had agreed to sell his one-fourth interest in the property to Tharp for $7,500. For reasons fully set forth in the report, he concluded that it would be in the best interest of Mia for the property to be further encumbered for the purpose of providing the funds necessary to purchase Carr's interest.

The exceptions of the guardian *ad litem* to the report of the commissioner in chancery were argued on October 5, 1978, and were overruled. At that time counsel for Carr noted his "oral exceptions" to the

said report, claiming, *inter alia,* that Tharp's contract for the purchase of Carr's interest had expired, was "inequitable" in view of "rising real property values," and was unenforceable by the court in this proceeding. The court overruled Carr's exceptions, noting that they had not been timely filed. The court approved the commissioner's report and directed Carr to convey his interest in the subject real property to Tharp upon Tharp's payment to him of $7,500 by certified check. This decree was entered on November 17, 1978. On November 27, 1978, Carr filed exceptions to the decree. Counsel for Tharp made a motion that the exceptions be overruled. There is no evidence that the court took notice of Carr's exceptions to the decree or of Tharp's motion to overrule the exceptions. This is an appeal from the decree entered November 17, 1978.

We find no merit in Carr's assignment of error. He was a party defendant to this proceeding, was represented by counsel at all times, and filed an answer in which he concurred in the plaintiff's prayer for relief. He agreed that the matter be referred to a commissioner in chancery, and his counsel endorsed the decree of reference. He was absent from the hearing before the commissioner, and although he was advised of the filing of the commissioner's report, he took no timely exception thereto. He now says that Tharp was dilatory in taking the action necessary to consummate the sale and that during the time between his agreement to sell and the time the court approved the encumbrance of Mia's interest the property had appreciated at least 20%. Carr's protest, even if valid, comes too late. He had participated in or received notice of the proceedings at every stage and admits that it was not until May 29, 1978, that he attempted to rescind his agreement to sell his interest to Tharp. This was subsequent to the hearing before the commissioner in chancery, and just prior to the filing of the report by the commissioner on June 21, 1978. Carr is estopped by his written pleading and by his actions from taking a position which is wholly inconsistent with that taken by him throughout the proceeding and wholly inconsistent with his representations to the court. *McLaughlin* v. *Gholson,* 210 Va. 498, 171 S.E.2d 816 (1970).

Carr is in no position to complain of action taken by the lower court which he invited and which he concurred in at all times prior to the October 5, 1978 hearing. There was no occasion for Tharp to bring a suit against Carr or against Papa, executor, for specific performance because all parties were in agreement that Tharp was to purchase the property for $7,500. Tharp, Carr, and the executor all

concurred that Mia's interest would be best promoted by Tharp's purchase and by the encumbering of her interest. It was only when the transaction was nearing consummation and final approval by the court that Carr concluded that Tharp had taken too much time to close the transaction and that he should get more than $7,500 for his interest in the property. A litigant will not be permitted to deliberately mislead a court or to follow a course of action which has that effect. Here, the trial court and the commissioner in chancery were led by all parties to believe that they were in agreement, and that the only issue was whether the rights and interests of an infant would be prejudiced by the relief prayed for by Tharp and concurred in by Carr. For that reason the cases cited by counsel for appellant are inapposite. The execution of a deed by Carr, upon his receipt from Tharp of $7,500, is but a necessary incident to accomplish the purpose and object of this proceeding in equity. The evidence clearly shows the agreement for the sale and purchase, and the court below was plainly right in directing Carr to execute the deed upon receipt of the purchase money.

In *Stevens* v. *Sparks, Executrix,* 205 Va. 128, 133, 135 S.E.2d 140, 144 (1964), we said:

> Usually, when a court of equity has acquired jurisdiction of a cause it will retain it for all purposes and administer full relief. It may enforce, if necessary, legal rights and apply legal remedies to accomplish that end and where equity takes jurisdiction for one purpose it will determine all questions arising in the cause. *White* v. *White,* 181 Va. 162, 169, 24 S.E.2d 448; *Sanford* v. *Sims,* 192 Va. 644, 649, 66 S.E.2d 495; 7 M.J., Equity, § 6, p. 11.

Accordingly, the decree of the lower court appealed from is affirmed. This cause is remanded for such further proceedings as may be necessary and proper incident to the acquisition by Tharp of Carr's undivided interest in 13145 Melville Lane, Fairfax, Virginia, the payment to Carr of the agreed consideration of $7,500, and the encumbering of the infant's interest in the property according to the statutes providing for the disposition of lands of persons under a disability.

*Affirmed and remanded.*