Marlene VAN GAALEN, Plaintiff,

v.

Robert E. SPARKS, Defendant.

Civ. A. No. 81–0538–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 20, 1983.

John B. Rosenberg, Alexandria, Va., for plaintiff.

Peter Weimer, Manassas, James Cottrell, Alexandria, Va., for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the court on defendant's motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure. The motion is before the court for the second time, on remand from the United States Court of Appeals for the Fourth Circuit. The purpose of the rehearing is to allow the parties to "submit memoranda on the issue whether this is a true domestic relations case" and to "provide supplementation of the record to determine the merits of the *res judicata* defense." *Van Gaalen v. Sparks*, 688 F.2d 836 (4th Cir.1982). For reasons given below, defendant's motion is granted.

### I. FACTUAL BACKGROUND

The events leading up to this case began on July 16, 1974, when these parties obtained a decree of divorce *a vinculo matrimonii* in Anne Arundel County, Maryland. The decree incorporated the parties' property settlement agreement and gave the wife the right to resume use of her maiden name.

In order to enforce the decree, Van Gaalen brought suit against her former husband in Prince William County, Virginia, Circuit Court. On January 15, 1975, that court entered judgment against Sparks and appointed a Commissioner to determine Sparks's arrearages in alimony and support payments. On July 6, 1976, the Commissioner filed his findings, which findings the Circuit Court adopted in its order of January 27, 1977. Under this order, Van Gaalen was awarded a "minimum arrearage of $6,794.50 in child support and alimony payments, plus interest of 8% per annum until paid, and counsel fees of $250.00..."

On December 7, 1977 Van Gaalen obtained an additional judgment for arrearages in Juvenile and Domestic Relations Court in Prince William County, in the amount of $10,000. On December 16, 1977, Sparks appealed this latter decision to the Circuit Court. Van Gaalen also filed a separate action against Barbera Sparks, Robert's new wife, alleging that some of the land registered in her name in reality belonged to Robert. Apparently, about this time Van Gaalen also filed a separate action for support, custody, and alimony in Anne Arundel County, as an enforcement of the earlier divorce decree.

On May 4, 1978, Sparks travelled to Marion, Iowa, where Van Gaalen was residing. Sparks carried a proposed addendum to the parties' property settlement agreement, which his attorneys had prepared. Van Gaalen claims that Sparks promised her all sorts of inducements to persuade her to sign (such as the promise to pay for her return to Virginia, to pay for her living accommodations for life, to buy her a new car, etc.). Van Gaalen signed the addendum, and had her signature notarized.

The addendum purports to alter the divorce decree; dismiss the pending claims in Maryland and Virginia; waive Van Gaalen's claims to alimony, maintenance, and child support in exchange for a lump sum payment; and alter the parties' custody arrangements. In addition, the addendum states that it was freely entered into, that Van Gaalen waived her right to counsel, and that additional arrangements could only be entered into by written agreement. In addition, on May 4, 1978, Van Gaalen also signed a general release of all of her claims against Sparks, in exchange for one dollar.

The parties subsequently filed proposed dismissal orders, bearing Van Gaalen's notarized signature, to the various Maryland and Virginia courts where Van Gaalen had outstanding claims against Sparks. The Prince William County Juvenile and Domestic Relations Court entered the dismissal with prejudice on May 25, 1978. The Anne Arundel County Circuit Court entered an order of dismissal with prejudice on May 12, 1978, endorsing the parties consent arrangement because Van Gaalen "certifies to her endorsement of this decree that she received a lump sum of alimony."

Judge Arthur Sinclair, the Prince William County Circuit Court Judge to whom the proposed order was submitted, was more reluctant to accept the proposed dismissal. Recognizing the effect of these orders, Judge Sinclair wrote to Van Gaalen and asked her if she, in fact, intended to have her cases dismissed. On June 1, 1978, Van Gaalen responded that matters between her and Sparks were settled. Judge Sinclair was apparently satisfied with Van Gaalen's reply; on February 14, 1979 Judge Sinclair entered an order dismissing Van Gaalen's claims against Sparks.

Van Gaalen claims that about June 10, 1979, Sparks notified her that he would stop paying for her living arrangements, contrary to the oral representations she claims Sparks made on May 4, 1978, as an inducement for her to sign the addendum. Van Gaalen returned to the Prince William County Circuit Court, seeking to have Judge Sinclair reconsider his dismissal. She claimed that her signature to the addendum was obtained through duress, and that the amount she received in exchange for her surrender of her legal rights was unconscionably small. Her petition to Judge Sinclair did not assert that there were any oral agreements which Sparks had breached.

On September 16, 1980, Judge Sinclair entered an order denying Van Gaalen's motion to reconsider, having satisfied himself previously that the addendum was proper. He added in his order denying Van Gaalen's motion to reconsider that "the court had done everything it could" to protect Van Gaalen's rights. No appeal was taken from Judge Sinclair's order denying Van Gaalen's motion to reconsider.

On June 9, 1981, Van Gaalen filed the present action. She presents claims for breach of contract, fraudulent inducement, and intentional infliction of emotional distress. She seeks $3 million in compensatory and punitive damages. The court dismissed the action without prejudice on September 9, 1981, because the court found this to be a domestic relations case, over which this court has no jurisdiction. Van Gaalen appealed this order to the Fourth Circuit. On September 2, 1981, the Fourth Circuit affirmed the dismissal on the grounds that this case "falls within the category of true domestic relations cases." However, on October 26, 1981, on motion for reconsideration, the Fourth Circuit withdrew its prior ruling and remanded this case for further proceedings.

In addition, the Anne Arundel County Circuit Court, on April 21, 1982, refused Van Gaalen's motion to reconsider its previous dismissal. Van Gaalen's appeal of this dismissal was struck for late filing, and on November 26, 1982, the Anne Arundel Circuit Court refused to reconsider its order striking Van Gaalen's appeal.

## II. LEGAL ANALYSIS

Undoubtedly, if this case is truly a domestic relations case, dismissal is appropriate. District courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation. *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir.1982); *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980). This exception to diversity jurisdiction is based on "the doctrine of comity." *Kelser v. Anne Arundel County*, 679 F.2d 1092, 1094 (4th Cir.1982). Judge Merhige has observed that "the policy considerations at stake are the strong state interest in issue of family rights and obligations, the much greater proficiency and experience of state courts in family matters, and the possibility of inconsistent state and federal decrees." *Walker v. Walker*, 509 F.Supp. 853, 855 (E.D.Va.1981).

The question whether this case is at its core a domestic relations case is not beyond cavil. The Fourth Circuit itself proved to be of two minds on the subject. This court finds it difficult to surrender its view that a rose is a rose is a rose, and this case, by any other name, is, was, and always will be a domestic relations case. *See Kilduff v. Kilduff*, 473 F.Supp. 873, 874 (S.D.N.Y.1979) (court declines jurisdiction where action "is part of an ongoing series of disputes centering around the marital relation.")

The parties in this case agree that if this court were to exercise jurisdiction in this case, and were to find defendant liable, the damages question would turn into an examination of Van Gaalen's likely future need, Sparks's future earning potential, both parties' life expectancies: the very inquiries domestic relations court perform daily. Judge Merhige expressed the better view of the domestic relations exception when he stated that "jurisdiction should be declined where an adjudication would require the federal court to make its own determination as to the parties' past on [sic] continuing obligations." *Walker v. Walker, supra,* at 855.

But the better rule may no longer hold sway. The Fourth Circuit's most recent pronouncements on the domestic relations exception suggest that it is to be viewed more narrowly. *See, e.g., Kelser v. Anne Arundel County,* 679 F.2d 1092, 1094 (4th Cir.1982); *Wasserman v. Wasserman,* 671 F.2d 832, 834–835 (4th Cir.1982). Other Circuits, following the Fourth Circuit's case law, have also evidenced a narrower view of the exception. *See, e.g., Bennett v. Bennett,* 682 F.2d 1039, 1042 (D.C.Cir.1982) (suits which do not exceed the federal court's competence should be heard). These subtle shifts occurred between the Fourth Circuit's two examinations of this case, and may account for the different result on the later occasion.

■ Given the apparent narrowing of the domestic relations exception, and given the cryptic hint from the Fourth Circuit in its order of remand (which this court takes as a suggestion to exercise jurisdiction), the court reluctantly concludes that it has jurisdiction to hear this case. The issues of contract and tort which plaintiff alleges are not beyond this court's competence. As the Fourth Circuit stated, "[s]o long as diversity jurisdiction endures, federal courts cannot shirk the inconvenience of sometimes trading in wares from the foul rag-and-bone shop of the heart." *Cole v. Cole,* 633 F.2d 1083, 1089 (4th Cir.1980).

Even if jurisdiction is proper in this case, the court is not necessarily free to proceed to the merits. These parties have earlier faced other tribunals on similar issues; this court must calculate the preclusive effect, if any, these previous actions must now be given.

■ In particular, the court must examine what effect the doctrine of judicial estoppel has upon plaintiff's claims. The doctrine of judicial estoppel states that "a party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him." 28 Am.Jur.2d, *Estoppel and Waiver,* § 68 (1968 and Supp. 1982). In a case before a federal court based upon diversity jurisdiction, local law must be examined to determine whether the doctrine of judicial estoppel would apply. *See Konstantinidis v. Chen,* 626 F.2d 933, 937 (D.C.Cir.1980); 1B Moore's Federal Practice, ¶ 0.405[8] at 771 (2d ed. 1965). Virginia's courts accept and apply the doctrine of judicial estoppel. *Carr v. Tharp,* 221 Va. 1012, 277 S.E.2d 167, 169 (1981); *Strickland v. Dunn,* 219 Va. 76, 244 S.E.2d 764, 766 (1978); *State Highway Commissioner,* 215 Va. 197, 207 S.E.2d 870, 874 (1974); *Sydnor & Hundley v. Wilson Trucking Corp.,* 213 Va. 704, 194 S.E.2d 733, 736 (1973); *Thrasher v. Thrasher,* 210 Va. 624, 172 S.E.2d 771, 773–774 (1970); *McLaughlin v. Gholson,* 210 Va. 498, 171 S.E.2d 816, 818 (1970).[1]

---

1. There is some doubt whether Maryland courts would apply the doctrine of judicial estoppel. *See, e.g., Travelers Corp. v. Boyer,* 301 F.Supp. 1396, 1401 n. 4 (D.Md.1969) (applying

Van Gaalen comes before the court contending that the parties' written addendum to their property settlement agreement is not the entirety of the parties' understanding. She makes this contention even though the addendum itself purports to alter the parties' previous property settlement arrangements in exchange solely for a lump sum of alimony, and even though she signified her acquiescence in the written agreement in her signature on the proposed orders of dismissal to the various courts. Indeed, Judge Sinclair, in the Prince William County, Virginia, Circuit Court, dismissed Van Gaalen's suit only on her representation that things were settled between the parties.

But Van Gaalen would now have this court hear contentions that matters between her and Sparks were not, as represented to the various courts, settled; or, rather, that things have become unsettled, and that she is entitled to more than a mere lump sum alimony payment. In other words, she is taking a position quite contradictory to the sworn statements she offered the Maryland and Virginia courts to alter her divorce decree and terminate her claims against Sparks.

■ The court finds that Virginia courts would refuse to hear plaintiff's breach of contract and fraudulent inducement claims, because those claims contradict representations she made to Virginia and Maryland courts in settling and dismissing her previous actions in those courts against the defendant. In signing the addendum and the motions to dismiss based upon the addendum, she represented to the court that she had settled her claims in exchange for a lump sum. She now, in effect, represents to this court that her previous representations were inaccurate. The doctrine of judicial estoppel bars a party from making inconsistent representations to a court. *See Carr v. Tharp, supra.*

Maryland law). But since jurisdiction in this case is based on diversity of citizenship, the court must apply the law that would be applied by the courts of the state in which the district court is sitting, i.e., Virginia. *See Klaxon Co. v. Stentor Electric Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

Van Gaalen's efforts are similar to those of the party in *Thrasher v. Thrasher, supra,* who attempted to challenge a voting trust which had been included in a settlement agreement between the same parties in a previous case. Because the challenging party had asked the trial court in the previous case to enter a decree which contained the agreement, the doctrine of judicial estoppel was found to bar any subsequent challenges to the voting trust.

■ The addendum itself states that the Anne Arundel County, Maryland, Circuit Court divorce decree "shall be altered to reflect the agreement of the parties." That court extinguished rights previously incorporated into the decree because the plaintiff "certifie[d] by her endorsement of the decree that she had received a lump sum of alimony." Thus, the Maryland court substituted the addendum for the provisions in its prior decree. The *Thrasher* case stands as a bar to any challenges of the validity of the addendum, as incorporated into the Maryland decree. The doctrine of judicial estoppel serves to "prevent one who has been wronged in a transaction from subsequently impeaching it after it has been recognized as valid." 28 Am.Jur.2d *Estoppel and Waiver* § 68 (1968 and Supp.1982).[2]

To say that Van Gaalen is estopped from raising challenges to the addendum is to say that her own actions put her in her present predicament. Such a conclusion surely lay behind Judge Sinclair's response to Van Gaalen's motion to reconsider his prior dismissal; Judge Sinclair noted that "the court had done everything it could" to protect Van Gaalen. His statement suggests an unwillingness to entertain any complaints from Van Gaalen about the position in which she had put herself, even complaints of duress and unconscionability.

2. *See also Williams v. Pique,* 234 Ga. 344, 216 S.E.2d 100 (1975) (doctrine of judicial estoppel bars party to previous divorce decree incorporating property settlement agreement from subsequently challenging validity of property settlement agreement).

**330**

Van Gaalen's present claim of fraudulent inducement is of the very nature of the claims which Judge Sinclair refused to entertain.

The doctrine of judicial estoppel "upholds the public policy which exalts the sanctity of the oath. The object is to safeguard the administration of justice by placing a restraint upon the tendency to reckless and false swearing and thereby preserve the public confidence in the purity and efficiency of judicial proceedings." *Konstantinidis v. Chen,* 626 F.2d 933, 937 (D.C.Cir.1980). This court could re-examine the parties' previously approved settlement only if Van Gaalen stands before this court and repudiates her previous sworn statements and motions to obtain dismissal. The doctrine of judicial estoppel bars this court from hearing such a repudiation.

Thus, the court concludes that plaintiff's breach of contract and fraud claims are barred under the doctrine of judicial estoppel. Plaintiff's sole remaining claim alleges that defendant's inducement of plaintiff to enter the May 4, 1978, agreement constituted intentional infliction of emotional distress. This claim is essence but another attempt to raise the claims of fraudulent inducement in another guise. Merely labelling defendant's inducements as intentional infliction of emotional distress rather than fraud will not raise the bar to this court's consideration of plaintiff's claims. The plaintiff cannot resurrect settled matters by "engaging in the semantic niceties of labelling [her] cause of action." *Rudolph v. Cameron-Brown Co.,* Civil No. 75–0540–R (E.D.Va. April 30, 1981).

Because the court finds plaintiff's claims to be barred, the defendant's motion for summary judgment is granted. Accordingly, plaintiff's case is dismissed.